## COUNTY COURT — BRONX COUNTY.

### July, 1919.

### THE PEOPLE v. MAX PORTER.

(108 Misc. 100.)

INDICTMENT—APPLICATION FOR ORDER AND CERTIFICATE THAT CHARGE BE PROSECUTED BY, DENIED—CRIMINAL LAW—COURT OF SPECIAL SESSIONS.

Where defendant was charged in the Court of Special Sessions for the county of Bronx, with maintaining on his premises a slot machine gambling device, and the questions involved are neither exceptional nor important, his application for an order and certificate that the charge against him be prosecuted by indictment will be denied.

APPLICATION for certificate that charge be prosecuted by indictment.

*Francis Martin,* district attorney (*Peter A. Hatting,* of counsel), for People.

*Maurice Knapp,* for defendant.

GIBBS, J.:

The defendant herein makes application for an order and certificate that it is reasonable that the charge pending against him (a violation of section 982 of the Penal Law — maintaining a slot machine gambling device on his premises) in the Court of Special Sessions for the county of Bronx be prosecuted by indictment.

The court is urged to exercise its discretion under section 57 of the Code of Criminal Procedure " as exceptional and important questions are involved, which justify a trial by indictment in a court of record," to use the words of the defendant

on this application. He also asserts that it is likely that the corporation of which he is the president and upon whose premises the misdemeanor is alleged to have occurred may lose its lease following his conviction because of a certain clause in the lease that the lessee is not to create or permit any nuisance or dangerous thing upon the demised premises.

I have no hesitation in concluding that the questions involved are not exceptional and I do not regard them as important except in the sense that all criminal charges involve important consideration to society and to the accused. Moreover, my professional and official contact with the justices of the Court of Special Sessions and their judicial work has impressed me very strongly with their capacity and fairness in the disposition of cases before them. The justices of the Court of Special Sessions, by reason of the daily exercise of their functions as judges of facts and law, are peculiarly qualified to try criminal cases of this character.

The defendant has likewise failed to fairly establish that a property right is in question. It does not follow as a matter of law that the defendant's conviction would annul or revoke the lease in question. In the event of a conviction the wording of the lease and its fair intendment will be a matter for judicial construction and interpretation. That, however, is not a matter for determination by the criminal courts. It is therefore apparent that no property right is directly involved in the light of the decisions of the courts on similar applications.

The fact that the defendant prefers a jury trial is not sufficient cause to justify the issuance of a certificate. (People v. Rosenberg, 59 Misc. Rep. 342.)

I have denied a somewhat similar application in the case of People v. Thorpe, in April, 1918.

It seems to me that sound public policy requires that criminal causes of all grades and classes should be promptly disposed of

and the tribunals having jurisdiction in the first instance permitted to exercise the same without interference or restraint unless the interests of justice require otherwise.

The application is therefore denied.

Application denied.