THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* G. JOHN MANUPELLA, Defendant.*

County Court, Rensselaer County, March 26, 1931.

* See, also, *People* v. *Werner* (139 Misc. 479).

*Frederick C. Filley, District Attorney,* for the plaintiff.

*John C. Rafter, Jr.,* for the defendant.

BREARTON, J. The defendant was arrested on February 24, 1931, under a warrant issued by a justice of the peace of the town of Wynantskill, charging him with intoxication and disorderly conduct in the village of Wynantskill in said town on the 20th day of December, 1930, more than two months having elapsed since the alleged offense. Upon arraignment, the defendant pleaded not guilty and secured an adjournment. He now asks for a certificate that the charge be prosecuted by indictment, on the ground that he cannot get a fair and impartial trial in said court.

While it is common in applications of this kind for defendants to make unfounded charges of bias and prejudice, there are unusual and serious circumstances in this case which should not be overlooked.

It appears that the defendant has heretofore been arrested and arraigned before the same justice of the peace on three other charges growing out of an accident between an automobile owned by this defendant and a passenger bus owned by the K. L. W. M., Inc., being the same transaction out of which this charge grew. He was then charged with assault in the second degree, assault in the third degree and driving an automobile while intoxicated. The moving papers further show that the respective complainants withdrew the complaints upon the defendant paying certain sums of money, namely, fifty dollars to a man named Post, twenty-five dollars to an unknown person, and eighty-one dollars to the K. L. W. M., Inc., and fifty dollars to the justice of the peace for costs, although it does not appear that that was the amount of the legal costs in said cases.

If the defendant was guilty of those charges he should have been prosecuted and punished and the complainants should not have been permitted to take any money in consideration of withdrawing the charges. The driving of an automobile while intoxicated is a serious charge. The public has an interest and should be protected. It should not be left to complainants in such cases to withdraw for any consideration. Furthermore, courts should not

lend themselves to the practice of permitting persons to make criminal charges and afterwards to withdraw on the payment of money as such practice tends to bring courts into disrepute and should be prohibited. Courts should always be above suspicion, otherwise they lose their usefulness.

It is specifically charged here that the defendant was advised to see the complainant in this case and pay him some money to withdraw the charge. I can see no honest reason why the complainant in the case would be interested in withdrawing a charge of intoxication and disorderly conduct upon the payment of any sum of money. Public intoxication is also a matter in which the community where the alleged offense took place is interested, and it is not a personal matter.

The justice of the peace who issued the warrant in this case has had considerable experience and has done some very good work and ordinarily I would be opposed to transferring this case. But for the reasons above stated I think it is reasonable that this matter should be presented to the grand jury.

Let a certificate be issued accordingly and the defendant be held in the sum of $1,000 bail.