THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LOUIS HOROWITZ, Defendant.

Court of General Sessions, New York County, December 20, 1932.

*Thomas C. T. Crain, District Attorney* and *William Maloney, Assistant District Attorney,* for the plaintiff.

*Brill, Bergenfeld & Brill* for the defendant.

FRESCHI, J. A motion has been made on behalf of the defendant for a transfer of the trial herein from the Court of Special Sessions to the Court of General Sessions.

The defendant has been held for trial in the Court of Special Sessions upon an information charging a violation of section 1293-b, subdivision 3, of the Penal Law in that he, knowing that a statement in writing had been made on January 13, 1931, respecting the financial condition or means or ability to pay of the Louis Horowitz Corporation, did orally represent on or about November 24, 1931, that such written statement reflected the true financial condition of said corporation as of November 24, 1931, and procured upon the faith thereof credit for such corporation.

The claim of the prosecution is that this oral statement related to,

adopted, confirmed and represented as true the previously made written financial statement dated January 13, 1931, which the district attorney assumes was in every respect true, as to the financial condition of the said corporation at or about that time; but he charges that such oral statement was willfully false in fact, in that the defendant misrepresented that the financial condition of the Louis Horowitz Corporation was the same on the 24th day of November, 1931, mentioned as the date of the specific crime herein, as it was on the date when the written statement was filed (January 13, 1931).

An issue is raised by the defendant's plea of "not guilty."

The case seems simple enough to try. The written financial statement signed by this defendant, if made as alleged on January 13, 1931, concerning which there seems to be no serious dispute, will show the financial status of the corporation as represented thereby on that day; and whether defendant orally adopted, confirmed or represented it as true on November 23, 1931, as if made again on that day, for the purpose of obtaining and actually procuring credit thereon, is not a difficult or complicated matter of fact. The issue of fact is, on the contrary, clear-cut — whether the defendant did or did not make such an oral statement. Whether the complainant relied upon such representation and upon the faith thereof extended further credit to the corporation ought not to be in any way a difficult matter to prove.

Was the financial statement true or false? Does it involve a long account; do any of its items necessitate a protracted trial? No such claim is made by the defense. The alleged false items are no different in this case than those which usually are found to be the basis of the average false financial statement case tried in the Court of Special Sessions.

To quote from defendant counsel's brief: "These issues, the defendant respectfully urges, should be presented for determination to a jury of men chosen from the business center and environs of the City of New York, whose experiences with men and merchants every day of their business lives has qualified them to find the probabilities in this unique case and pass upon the credibility of the complainant's story."

Certainly, three justices, constituting a Court of Special Sessions, who are the judges both of the law and facts in every case, can impartially determine this issue. The justices of that court are able and experienced, having sat in judgment of numerous commercial frauds cases. And I cannot agree with counsel's contention that the case presents something of an exceptional character with an entirely new and novel situation, and that, therefore, business men are best

able to pass upon the credibility of complainant's "unusual story," as he characterizes it, and the probabilities of the case.

Nor do I find, as defendant claims, any difficult questions of law involved. The statute is certainly not ambiguous. The fact that no precedent can be found cannot be considered as a "reasonable" ground that it would be "just, proper, fair and equitable" that the charge against the defendant should be prosecuted by indictment. Furthermore, the record of the trial before the Special Sessions, in the event of a conviction, is reviewable by the Appellate Division of our Supreme Court, the same as it is if such conviction were obtained upon the verdict of a jury.

No property rights are at stake. The defendant's counsel contends that a decision in this case will affect the extension of credit and credit relations, in general, among merchants with regard to oral statements referring to previously made written statements concededly true. I fail to see how the prosecution in this case is going to bear upon credit relations among merchants, save to strengthen the confidence of the business men and their respective trades where they know that law enforcement will cause the arraignment at the bar of public justice of the unscrupulous borrower or customer who seeks and obtains credit either upon a false written financial statement or a false oral statement as to his previously made financial statement which was true when made.

Transfers have been allowed where property rights are involved or where exceptional features or unusual circumstances are present arising out of the peculiar nature of the charge which should be passed upon by a jury, all involving an intricate case concerning a matter of public interest. (See *People* v. *Morganstern*, 134 Misc. 127; *People* v. *Kraft*, 135 id. 585; affd., 229 App. Div. 282; *People* v. *Manupella*, 139 Misc. 722.)

In *People* v. *Rosenberg* (59 Misc. 342) CRAIN, J., denied an application for a certificate that there were reasonable grounds that the charges against the defendant be prosecuted by indictment. He wrote that "each case must be decided largely in the light of the special facts of the case," and added: "Without, therefore, attempting to lay down any general rule, it may be said that to warrant the granting of such an application it should appear either, *first*, that a case presents intricate and complicated questions of fact, rendering a jury trial proper, or, *second*, that it presents difficult questions of law; or, *third*, that a property right is involved; or, *fourth*, that a decision may be far-reaching in its effect and become a precedent which will regulate a matter of general interest; or, *lastly*, that the case is of exceptional character and that the defendant, for some special reason, cannot have a fair trial in the Court of Special

Sessions. (*People* v. *Levy*, 24 Misc. 469; *People* v. *Wade*, 26 id. 586; *People* v. *Cornyn*, 36 id. 135; *People* v. *Butts*, 121 App. Div. 227.) " (See, also, *People* v. *Porter*, 108 Misc. 100; *People* v. *Gitter*, 133 id. 693; *People* v. *Werner*, 139 id. 479; appeal dismissed, 232 App. Div. 843; *People* v. *Dunne*, 140 Misc. 379.)

In the case at bar no one but the defendant is on trial and the issue is simple and clear-cut. No property rights are imperilled, and I have not been able to find any proof that there will be a long and complicated account or accounts involved.

No expression of the public mind through a jury is necessary to a just and fair decision of the issues here presented.

Motion denied.