# Court of General Sessions—New York County.

March, 1890

## PEOPLE v. HARRY R. WADE.

1.  CRIMINAL LAW—MISDEMEANOR—JURY TRIAL.

A person charged with a misdemeanor has no constitutional right to a trial by jury.

2.  SAME—SPECIAL SESSIONS—JURISDICTION.

Courts of special sessions in the city of New York have exclusive jurisdiction for the trial of cases of misdemeanor, unless for reasonable cause they are divested of that jurisdiction.

3.  SAME—REMOVAL TO GENERAL SESSIONS.

As a necessary prerequisite to the removal of a case from the special sessions, the judge shall certify that it is reasonable that the charge should be prosecuted by indictment.    It should be made to appear that there exists some cause which is likely to be prejudicial to the rights of a party or to injuriously affect the fair and impartial administration of

justice, or that there are involved exceptional and important questions which a trial of by indictment in court of record would be seemly and proper.

APPLICATION to transfer charges to the general sessions, to be prosecuted by indictment.

E. Y. Bell, for petitioners.

Asa Bird Gardiner, Dist. Atty., for the People.

GOFF, R.—The defendant is charged with the commission of a crime of the grade of misdemeanor, and has been held by the committing magistrate for trial in the court of special sessions. He now makes application for an order that the charge against him be transferred to the court of general sessions, and be prosecuted by indictment.

The claim that a person charged with a misdemeanor has a constitutional right to a trial by jury was decided adversely by Beekman, J., in People v. Levy, 24 Misc. Rep. 469, 53 N. Y. Supp. 643, and to the same effect in People v. Wolf, 24 Misc. Rep. 94, 53 N. Y. Supp. 296, and People v. Seaman (Supp. 1898) 57 N. Y. Supp. ——. Exclusive jurisdiction to hear and determine, in the first instance, all charges of misdemeanor committed in the city of New York, except charges of libel, is conferred upon the court of special sessions by section 1406 of the Greater New York charter (chapter 378, Laws 1897), unless a justice of the supreme court or a judge of the court of general sessions " shall certify that it is reasonable that such trial shall be prosecuted by indictment." The plain meaning and intent of this saving clause of the statute is that courts of special sessions have exclusive jurisdiction for the trial of cases of misdemeanor, unless for reasonable cause they are devested of that jurisdiction. Where jurisdiction is conferred upon a court, the presumption of law is that it will be properly and justly exercised, and, before that presumption can be disturbed, it should be made to appear that there exists some cause which is likely to be prejudicial to the rights of a party or to injuriously affect the fair and impartial administration of justice, or that there are involved exceptional and important questions which a trial

of by indictment in a court of record would be seemly and proper.   When it is satisfactorily made to appear that such cause exists, then the presumption is disputed, and it becomes "reasonable" that the relief provided by the statute should be granted, and not until then.

The power to oust a court of jurisdiction which it has acquired is to be exercised with discretion and not arbitrarily.   In accord with this principle, the statute declares that, as a necessary prerequisite to the removal of a case from the special sessions, the judge shall certify that it is reasonable that the charge should be prosecuted by indictment.   The judge is required to do an act which is judicial, and not ministerial.   He is in reality to certify that, because of the existence of certain things or causes, he deems it reasonable that the trial of a case should be had in a court different from the one in which jurisdiction was exclusively vested in the first instance.   Can this certification be made without that discernment and discrimination of things and causes which are essentials of judicial discretion ?   It is necessary, therefore, that there should be presented for the judge's consideration some evidence of things or causes which will enable him to correctly and prudently exercise judicial discretion.   What does the affidavit on this application set forth ?   That the defendant was accused of a misdemeanor before the magistrate ; that on that charge he was held to bail by the magistrate for trial at the court of special sessions; that he is not guilty of the charge; and that he desires the charge to be prosecuted by indictment.   The first two allegations are merely recitals of acts of procedure.   The third and fourth allegations, only, are pertinent to the questions under consideration.   When the defendant was arraigned before the magistrate, he answered that he was not guilty of the charge.   This plea was a complete denial, and insured to him a trial of the facts alleged against him.   The law does not require that such a plea be made under oath, but, it gives to it all the force and effect which a verified pleading can possibly have.   For all the purposes of trial, the defendant's plea was complete and effective. What additional virtue, then, does his affidavit of innocence give to his plea of innocence?   Is it not a mere reassertion of

that which has been already asserted with full legal force and effect? It certainly does not enlighten the judge to whom he applies for removal of his case, any more than his plea of not guilty enlightened the magistrate who held him for trial. True or false, his affidavit can produce no other or different result from that which his plea can. If false, or willfully false, perjury cannot be predicated upon it because the essential elements of perjury are lacking. It is difficult to conceive an averment under oath more meaningless and inefficacious than this. The fourth allegation, that the defendant desires the removal of the case, is not worthy of serious consideration. If the "desires" of persons charged with crime were acceded to, very few criminal courts would be required.

From the 1st day of July, 1895, when the present court of special sessions was instituted, and the law providing for the removal of cases to the court of general sessions went into effect, there have been removed 4,398 cases of misdemeanor. From the 1st of January, 1898, to the 1st of February, 1899, there were removed 1,157 cases, of which number but 83 cases were tried. This is a fair average of the number of cases tried for the whole period of the time mentioned, and which shows that 7 per cent. of the cases removed have reached trial. It is a matter of common knowledge that, in the great majority of cases removed from the court of special sessions, the object is not to obtain a speedy trial, but to get away from one, and, through the delays consequent upon the great amount of business before the grand jury, the accumulation of indictments in the district attorney's office, and the necessity pressing upon the court of general sessions to give preference to the trial of felonies and prison cases, to circumvent the law, and practically, in a wholesale manner, obstruct the administration of justice. "To carry out effectually the purpose of the law, it must be so construed as to defeat all attempts to do or avoid, in an indirect or circuitous manner, that which it is has prohibited or enjoined. Courts must labor to suppress all subtle innovations and circumlocution by which the object and purpose of the law will be defeated." Magdalen College Case, 11 Coke, 70b; Cooley v. Barcroft, 43 N. J. Law, 363; Woodruff v. State, 3 Ark. 285.

At a time when the grand jury has barely sufficient time to give due consideration to the important cases which are presented, when there are nearly 2,000 untried indictments in the district attorney's office, and where there are many prisoners in the city prison awaiting trial for the highest grade of felonies, this practice of making indiscriminate applications to remove cases of misdemeanor from a court which was specially instituted by law to afford a prompt and speedy trial should not, in the interests of justice and the due administration of the law, be encouraged.

The application at bar has no merit whatever, and it is therefore denied; and this ruling applies to each of the twenty-seven other applications of similar character.

Application denied.