(24 Misc. Rep. 94.)

### PEOPLE v. WOLF.

(Supreme Court, Special Term, Kings County. March, 1898.)

TRIAL FOR MISDEMEANOR—RIGHT TO JURY.

Under Const. art. 1, § 2, providing that, in all cases in which it has theretofore been used, the right of trial by jury shall remain inviolate forever; and article 6, § 23, giving courts of special sessions such jurisdictions of misdemeanors as may be prescribed by law,—a person charged with a misdemeanor triable in a court of special sessions is not entitled to a jury trial as a matter of right.

Edmund Wolf was charged with a misdemeanor, and he moved to have his cause removed to the grand jury, there to be prosecuted by indictment. Denied.

The defendant, a saloon keeper, was arrested, and brought before a police magistrate in the borough of Brooklyn, charged with a misdemeanor in illegal sales of liquor, in violation of the liquor tax law. Laws 1896, c. 112, § 31. The magistrate held the defendant for trial at the Second division of the court of special sessions, in the city of New York. The defendant now applies to a justice of the supreme court to order the cause removed to the grand jury of Kings county, there to be prosecuted by indictment, basing his application upon the ground that, under section 2 of article 1 of the constitution, he was entitled to be tried by a jury as a matter of right. It was urged, in opposition to the application, that by the amendment to the constitution, adopted in 1870 (section 26 of article 6, now section 23 of article 6), courts of special sessions were given such jurisdiction in the cases of misdemeanors as the legislature might provide; that the people adopted this amendment to overcome the effect of the decisions of the court of appeals (Wynehamer v. People, 13 N. Y. 378; Hill v. People, 20 N. Y. 303), which held that misdemeanors were triable by jury, as matter of right; and that the legislature, in the new charter, having given exclusive jurisdiction, without jury trials, to these courts to hear and determine charges of misdemeanor committed in said city, the act was within the legislative power, under section 23 of article 6 of the constitution, as interpreted in the cases of People v. Dutcher, 83 N. Y. 240, People v. Rawson, 61 Barb. 619, and Devine v. People, 20 Hun, 98.

Alfred C. Cowen, for the motion.
Isaac M. Kapper, Asst. Dist. Atty., opposed.

DICKEY, J. Since the constitution was amended in 1870, providing that courts of special sessions shall have jurisdiction of the offenses of the grade of misdemeanor, as may be provided by law, it has been held in People v. Dutcher, 83 N. Y. 240, that, when the constitution conferred authority upon courts of special sessions to try misdemeanors, it meant the courts in question as they were and might be constituted by the legislature, whether they authorized a jury of six or otherwise. In this case the legislature has provided

otherwise by special sessions of three magistrates. It was also held in People v. Justices of Court of Special Sessions, 74 N. Y. 406, that the constitutional provision giving a party a right of trial by jury does not apply to petty offenses triable before a court of special sessions. I think all this class of cases, violations of the excise laws, should be speedily tried before the special sessions, and should not be removed. The grand jury has plenty of work now, and should not be further burdened.

Motion for certificate of removal denied.