(24 Misc. Rep. 469.)

### PEOPLE v. LEVY et al.

(Supreme Court, Special Term, New York County. August, 1898.)

1. INDICTMENT—MISDEMEANORS—COURT OF SPECIAL SESSIONS.

Under Greater New York Charter, § 1406, requiring misdemeanors to be prosecuted by indictment where a justice of the supreme court certifies to the reasonableness of so prosecuting them, a prosecution by indictment will not be ordered on the ground of a conflict of evidence, involving the credibility of witnesses.

2. SAME—DISCRETION OF COURT.

An application under said provision for a certificate of the reasonableness of a prosecution by indictment being addressed to the discretion of the court, it should set forth facts from which the reasonableness of so prosecuting the charge can be determined.

3. RIGHT TO JURY TRIAL—MISDEMEANORS.

Under Const. art. 6, § 23, giving courts of special sessions jurisdiction of such misdemeanors as may be prescribed by law, a person charged with a misdemeanor is not entitled to trial by jury as of right.

Mark Levy and others, being charged with misdemeanors, applied for certificates of the reasonableness of prosecuting the charges against them by indictment. Denied.

Asa Bird Gardiner, Dist. Atty., for the People.

N. S. Levy, for Mark Levy.

L. Levy, for Tiedeman.

Price & Hoyer, for Codney.

Mark Alter, for Stajer.

Fromme Bros., for Schottler.

BEEKMAN, J. In all of the above cases the defendants have been charged with misdemeanors, and have been held for trial at the court of special sessions of the Second division of the city of New York. In each case a motion has been made before me for a certificate that it is reasonable that the charge so made shall be prosecuted by indictment. The authority for such a motion is found in section 1406 of the Greater New York charter, which provides that the court of special sessions shall be devested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor in either of the following cases: First, if before the commencement of the trial in said court a grand jury shall present an indictment for the same offense; second, if before the commencement of such trial a justice of the supreme court, in the judicial department where such trial would be had, shall certify that it is reasonable that such charge shall be prosecuted by indictment. It will be observed that the granting of such an order is largely discretionary, and that the reasons which would justify such a certificate must be something more than the mere preference of the defendant for a jury trial. Facts must be brought to the attention of the judge to whom the application is made, tending to show that the case is of an exceptional character, and that for some special reason the defendant cannot have a fair trial in the court of special sessions, or that there are exceptional features in the case which render it desirable and proper

that the action should be tried before a jury, rather than by a justice of the special sessions. This, I think, is the plain meaning of the statute. It never was intended that such applications should be granted as a matter of course. This is the more obvious when we consider the condition of the law as it was prior to the enactment of the Greater New York ' charter. By chapter 601 of the Laws of 1895, entitled "An act in relation to the inferior courts of criminal jurisdiction in the city and county of New York" (section 14), it was provided, among other things, that, upon the defendant swearing that he was not guilty of the charge made against him, the justice to whom the application was made should make an order that the charge be proceeded with before a grand jury. Under such circumstances there was no room for the exercise of judgment or discretion, but the justice was compelled, upon the mere affidavit of the defendant that he was guiltless, to make the order asked for. The motive for the change in the statute which is embodied in the Greater New York charter is apparent, not only upon its face, but also upon a consideration of the effect upon the administration of criminal justice in this county of the compulsory features of the act of 1895. In a great number of cases of misdemeanors orders were obtained, which, as I have said, the court was compelled to grant, ousting the court of special sessions of jurisdiction to try them, to the great embarrassment of the district attorney and the courts of record of criminal jurisdiction. Not only were there great delays in the prosecution of the cases themselves, owing to their multitude, but delays were also occasioned in the prosecution of other cases of felonies, which, of necessity, could only be tried before a jury after indictment. The object of the legislature in enacting chapter 601 of the Laws of 1895 was to provide for the speedy administration of justice in criminal causes, and to that end to relieve the grand jury and the higher criminal courts from a consideration of petty offenses which had seriously interfered with the more important business properly appertaining to such bodies and tribunals. This purpose, as we have seen, was largely defeated by the mandatory provisions with respect to the transfer of misdemeanors from the special sessions to the grand jury; and it was to remedy this mischief that persons charged with misdemeanors are now required to satisfy the judge that there exists some substantial reason why the court of special sessions, which has been constituted by the legislature for the purpose of trying such offenses, should be deprived of jurisdiction in their particular cases.

Some question has been made with respect to the constitutionality of a law which deprives a person charged with the commission of such an offense of the right of trial by jury. Such an objection as this would have been a substantial one prior to the amendment of section 26 of article 6 of the old constitution, now embodied in section 23 of article 6 of the present constitution of this state, which provides that "courts of special sessions shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law." Under this provision it has been held that the right of trial by jury does not apply to the petty offenses triable before a court of special sessions. People v. Dutcher, 83 N. Y. 240.

An examination of the papers in each of these motions which have been made before me for a certificate under the statute discloses an utter absence of any averment or proof which would reasonably justify me in granting the relief asked for.    In some of them, all that the defendant alleges is that he is not guilty of the charge, while in the others the only reason given for the application is that there is a conflict of evidence, involving the credibility of witnesses.    With respect to the class of cases first mentioned, it is obvious that there is nothing upon which the reasonableness of the application can be determined.    In the other class of cases, the reasons assigned are entirely insufficient, and do not come at all within the spirit and intention of the statute.    Of course, the assumption in all of these cases, where the defendant pleads not guilty, is that there will be a conflict of evidence, and that questions with respect to the credibility of witnesses will arise.    These are the ordinary and almost universal characteristics of the trial of all the issues, civil and criminal.    If such reasons should be accepted as sufficient to warrant the transfer of a case from the special sessions, it is plain that every such application would have to be granted, and the purpose of the statutory provision upon the subject which is now in force would be completely nullified. The motion in each of the above cases is therefore denied.

Motions denied.