Court of General Sessions, County of New York. Reported. N. Y. L. J. April 1, 1901.

PEOPLE *v.* JAMES BARNETT.

McMAHON, J. The defendant herein is charged with the commission of a misdemeanor, namely, the violation of the Liquor Tax Law. On the 13th day of January, 1901, he was held by Magistrate Flammer in $500 bail to answer said charge in the Court of Special Sessions. He now applies for an order that the

charge against him be transferred to the Court of General Sessions and prosecuted by indictment under section 1406 of the charter of the city of New York.

This section provides that the Courts of Special Sessions of the City of New York shall have, in the first instance, exclusive jurisdiction to hear and determine all charges of misdemeanors committed within the city of New York, except charges of libel. Provided, however, that the same shall be tried in the county wherein such misdemeanors are charged to have been committed. The said courts, however, shall be divested of jurisdiction to proceed with the hearing and determination of any charge or misdemeanor in either of the following cases:

*First,* if, before the commencement of the trial in said court of any person accused of a misdemeanor, a grand jury shall present an indictment against the same person for the same offense; or

*Second,* if, before the commencement of any such trial, a justice of the Supreme Court in the judicial department where such trial would be had or, if the charge be triable in the county of New York, the recorder of the county of New York, or a judge authorized to hold a Court of General Sessions of the Peace in and for the county of New York * * * shall certify that it is reasonable that such charge shall be prosecuted by indictment.

No such certificate shall be made, upon the application of a defendant, without at least two days' notice to the district attorney.

Until the adoption in 1870 of the amendment which is known as section 26, article 6, of the Constitution, and embodied in the present Constitution of 1894 (art. 6, § 23), persons charged with misdemeanors were granted trial by jury as a matter of right.

But, since the enactment of the Act of 1892, chapter 601, Laws 1895, and section 1408 of the New York City Charter, trial by jury on a charge of misdemeanor no longer exists as a matter of right. (*People* v. *Wolff,* 24 Misc. 94; *People* v. *Levy,* 24 Misc. 469; *People* v. *Wade,* 26 Misc. 585.)

Legislation under the amendment before referred to, namely, constituting the Courts of Special Sessions without jury, with exclusive jurisdiction to try misdemeanors, has been approved in the following cases: *People* v. *Dutcher,* 83 N. Y. 240; *People* v. *Rawson,* 61 Barton, 619; *Devine* v. *People,* 20 Hun, 98; *People* v. *The Justices, &c.,* 74 N. Y. 406.

In the case of *The People* v. *Wade* (*supra*), the learned recorder said: "Where jurisdiction is conferred upon the court, the presumption of law is that it will be properly and justly exercised, and before that presumption can be disturbed it should be made to appear that there exists some cause which is likely to be prejudicial to the rights of the party, or to injuriously affect the fair and impartial administration of justice, or that there are involved exceptional and important questions which, in a trial by indictment, in a court of record, would be simple and proper."

Again, "The matter of transfer is now discretionary and not arbitrary—" (GOFF, R. — *Wade, supra*).

Judge BEEKMAN, in *People* v. *Levy* (*supra*) defines "reasonable" as follows: "Where facts show    *    *    *    that a case is one of exceptional character and that for such special reason the defendant cannot have a fair trial in the Court of Special Sessions, or there are exceptional features in the case which render it desirable and proper that the action should be tried before a jury rather than a justice of the Court of Special Sessions."

In *People* v. *Wade* it is held that "it is not sufficient to allege that the defendant is not guilty and that he desires the charge to be prosecuted by indictment."

Such transfers have heretofore been made, it is true, and for causes similar to those urged herein in the moving papers, but such transfers were made either with the consent or without the opposition of the learned district attorney.

In the case under consideration, and in a number of others now pending, the district attorney earnestly opposes the transfer and for the following reasons, to wit:

"*First*.  The Court of General Sessions should be given to the trial of felonies, in preference to misdemeanors.

"*Second*.  The Court of Special Sessions can dispose of these cases more rapidly and expeditiously.

"*Third*.  It tends to clog the calendars of the criminal courts of record.

"*Fourth*.  It tends to fill the prison with those awaiting trial.

"*Fifth*.  It places additional burdens on the now overburdened grand juries.

"*Lastly*.  In ways too numerous to mention, it tends to hamper the work of the district attorney and his assistants in the performance of their duties."

In view of these reasons, strenuously urged by the prosecuting

officer, and in the absence of any proof that the rights of the defendant are prejudiced or endangered, or that a fair and impartial administration of justice cannot be had in the Court of Special Sessions, I am constrained, in the exercise of the discretion conferred upon this court, to deny the application in the case at bar, and in each of the following cases where similar motions are pending:

*The People* v. *James Barnett; Same* v. *Charles T. Brown; Same* v. *Henry Bruck; Same* v. *Matthew Burke; Same* v. *William Barnes; Same* v. *James Cassidy; Same* v. *William Chieca; Same* v. *Hugh Campbell; Same* v. *William Dowie; Same* v. *Patrick Duffy; Same* v. *Morris Dubinsky; Same* v. *Emanuel De Voe; Same* v. *Benjamin Emerich; Same* v. *Frank Flynn; Same* v. *Richard Fitzpatrick; Same* v. *Frank Herman; Same* v. *Joseph Hememdinger; Same* v. *August Hildebrandt; Same* v. *Oscar Hamburger; Same* v. *Albert Herdtfelder; Same* v. *Charles Horn; Same* v. *Isaac Leader; Same* v. *Thomas Lee; Same* v. *Albert Luersson; Same* v. *Michael J. Lyman; Same* v. *Thomas J. Moran; Same* v. *Charles J. Nettel; Same* v. *Peter Neuer; Same* v. *Bernard Noonan; Same* v. *Fritz Prollocks; Same* v. *Michael Quinn; Same* v. *Frank Reynolds; Same* v. *Samuel Rosenthal; Same* v. *Henry Schwartz; Same* v. *William Sommer; Same* v. *Matthew Shanley; Same* v. *James Tate; Same* v. *Thomas Tyner; Same* v. *Thomas Woods; Same* v. *Herman Weber; Same* v. *George Zerlman.*