# Court of General Sessions—County of New York.

October, 1901.

## THE PEOPLE v. FELIX CORNYN.

(36 Misc. 135.)

1. LIQUOR TAX LAW—JURISDICTION.
   Such important property rights are involved and the punishment provided for violation of the Excise Law is so severe that the proprietor of a liquor store in New York city charged in the Court of Special Sessions with a misdemeanor in violating said law should be granted a certificate that the charge be proceeded with by indictment so that he may have a jury trial.
2. SAME—BAR-KEEPERS AND EMPLOYEES.
   The consequences which follow the conviction of an employee are, however, so much less severe that when no unusual facts are alleged such certificate will not be granted.

Application for a certificate that, "it is reasonable that the charge herein be proceeded with by indictment."

O'Hare & Dinnean (Stephen J. O'Hare, of counsel), for motion.

Eugene A. Philbin, District Attorney (James Lindsay Gordon, of counsel), opposed.

FOSTER, J.: This is an application for a certificate that "it is reasonable that the charge herein be proceeded with by indictment" (L. 1897, ch. 378, sec. 1406, Charter of the City of New York). No affidavit or facts in opposition to the application are presented, although due notice has been given to the district attorney. Other like applications are also before me, and this decision may also apply to them.

It appears, and without dispute or contradiction, that the defendant is the proprietor of a liquor store, and of the fittings and

furnishings thereof, and the owner and holder of a liquor tax certificate, for which he paid the State $800, and that the defendant is charged with a violation of the Excise Law. The defendant, under the solemnity of an oath, declares his innocence of the charge and asks, by this application, for a trial by a jury of his peers. It seems to me entirely reasonable and right that he should have it, under the circumstances which he brings to my attention.

Where a felony is charged a defendant is entitled of right and of course to jury trial, because of, I take it, the possible severity of the punishment. Penal Code, sec. 5. Yet in most felonies no minimum punishment is fixed by law, and the punishment is left almost entirely to the discretion of the judge presiding, even to the entire suspension of the sentence. Our law, in its jealous and tender regard for the rights of the accused, thus assures a jury trial in cases of felony because and where serious consequences may follow a conviction, and this right is guaranteed by the Constitutions of this State and of the United States. In petty cases (misdemeanors) a defendant in this city and county may not as of right have a jury trial, but only when to a judge of this court or of the Supreme Court it appears "reasonable" that he should have it. Charter, sec. 1406, supra.

The constitutionality of the Court of Special Sessions, with its exclusive jurisdiction over misdemeanors, has been upheld by the court of last resort and will not be considered here. People ex rel. Comaford v. Dutcher, 83 N. Y. 240; People ex rel. Murray v. Justices, 74 id. 406. The subject of the transfer of actions from the Special Sessions, which has no jury, to a court of higher jurisdiction, which inquires with the aid of a jury, has often been before the courts. In one of the earliest cases (People v. Levy, 24 Misc. Rep. 469), Judge BEEKMAN, with his recognized ability and clearness, defined the word "reasonable" (on a somewhat similar application) as "where there are exceptional features in the case which render it desirable and proper that the action should be tried before a jury

rather than by a justice of the Special Sessions." And the learned judge further says: "Facts must be brought to the attention of the judge, to whom the application is made, tending to show that the case is of an exceptional character.' This case precisely meets the rules or tests therein laid down. In People v. Nethersole, the learned FURSMAN, J., held that because, inter alia, large property rights and interests were involved it was reasonable and right that "the case should be investigated by men taken from various walks in life, such as constitute juries in our courts of record, and who are, according to the theory of our law, best qualified to judge as to what inference and conclusions ought to be drawn from a given state of facts." An examination of the applications wherein transfers have been refused and opinions rendered will disclose that no such convincing facts in support of the application were in them brought to the attention of the court as are shown here.

It may be observed, in passing, that throughout the State, excepting only this city and county, a jury trial is granted to defendants even in these petty cases as of right. I have never been able to understand why an inhabitant of this imperial city should be denied what is accorded as a right to the humblest rustic. It may be further observed that a violation of the Excise Law is punishable more severely in this city than elsewhere in the State, because the "property right" involved is greater. Whatever we may think of the moral effect of the business of "selling spirituous liquors," the fact remains that, under our law, it is as legitimate as the baking of bread, and those engaged in it are the equals of any before the law. The Excise Law provides a punishment for its violation in this city more severe and drastic by far than is required for most felonies or is provided or permitted for any other misdemeanor. The maximum punishment for a misdemeanor is one year's imprisonment and a fine of $500. For the "misdemeanor" charged herein the law provides a discretionary punishment of one year's imprisonment and a fine of $500. And also an obligatory punishment of a forfeiture of license amounting to $800, and possibly a penalty

under the bond given for non-violation of $1,600, and, in addition to all this, there is superimposed a reminder of the long ago abolished bill of attainder in that the defendant cannot again follow his usual vocation of selling liquor for a period of five years. Thus, though the Legislature calls such a violation a "misdemeanor," the punishment, which alone is the true test, stamps the crime as more than a misdemeanor.

To my mind, therefore, it is reasonable, if a defendant desires, that a trial before a jury of the defendant's peers should be had before these direful consequences can be visited upon him. Nor can the fact, if it be a fact, as has been suggested, that a jury will probably acquit a defendant charged with violating the Excise Law be urged with force as a reason for denying this application. If this law, or the punishment which is provided for its violation, so offends the sense of justice of the community that juries will even violate their oaths to acquit, where the evidence of guilt is convincing, I can only regret it. To my mind it is not reasonable to refuse a jury trial for such reason. I am aware that the district attorney opposes this motion, but no facts whatever and no argument which I deem reasonable or valid is advanced in support of his contention.

I must, therefore, adhere to my former decisions and remove these cases wherein, as in this case, both important property rights are involved and a proprietor is charged with a violation of the Excise Law. The consequences which follow the conviction of an employee are by no means so severe, and in such applications now before me no unusual facts are brought to my attention which would justify me in granting their applications, and they will be accordingly denied.

Applications granted as to the proprietors, but denied as to the barkeepers and employees.

Submit certificates accordingly.

Ordered accordingly.