New York Special Term. Reported. N. Y. L. J., July 3, 1903.

PEOPLE *v.* WOLF, and other similar cases.

BLANCHARD, J.: This is an application to transfer this cause from the Court of Special Sessions to the Court of General Sessions. The defendant stands charged with a violation of the Liquor Tax Law, which under the statute is a misdemeanor, and therefore properly tried in the Court of Special Sessions. By section 1409 of the Greater New York charter, a justice of the Supreme Court in this department may certify that it is reasonable that such charge shall be prosecuted by indictment, which would work a transfer of the case from the Court of Special Sessions to the Court of General Sessions. Thus, the matter is left to the discretion of the justice to whom such application is addressed, and it would seem that different judges have exercised the discretion in different ways, some favorably, and others unfavorably.

In the present application, there is no reason urged of any exceptional character, and none which would not be equally applicable to every case of a defendant charged with a similar offense. The serious consequences of a conviction present nothing exceptional. These consequences have been fixed by the Legislature, and it must be presumed that it was so done with a view to the existing law that a misdemeanor was triable in the Court of Special Sessions.

It has been held in two well considered opinions, one by Mr. Justice BEEKMAN of this court, (*People* v. *Levy*, 24 Misc. 469), and one by Recorder Goff of the Court of General Sessions, (*People* v. *Wade*, 26 Misc. 585), that special circumstances or something of an exceptional nature should be made to appear, before the court charged by the statute with the jurisdiction of cases should be deprived of it, and that the discretion vested in the court to transfer cases should be cautiously exercised.

I do not think it was intended that the courts should exercise the discretion vested in them to remove every case of a class of offenses which the Legislature has made a misdemeanor, but rather only such particular cases of that class which present some exceptional feature. I have on a previous application (*People* v. *Schoell*, N. Y. L. J., June 5, 1903), indicated my judgment, although somewhat more briefly, upon a similar application to that now before me.

The papers disclose no reason why a fair trial cannot be had at Special Sessions, and this application must be denied.