THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CLARENCE W. MORGANSTERN and Others, Defendants.

Supreme Court, New York County, February 26, 1927.

*Joab H. Banton, District Attorney* [*James Garrett Wallace* of counsel], for the plaintiff.

*Johnstone & Richter,* for the defendants.

BIJUR, J.    This is an application, under section 31, subdivision 1 (c), of the Inferior Criminal Courts Act (Laws of 1910, chap. 659) for a certificate that it is reasonable that the charge against defendants (upon which they were arrested and arraigned before a magistrate) of presenting and participating in an obscene, indecent, immoral and impure drama under section 1140-a of the Penal Law shall be prosecuted by indictment.    Prior to the enactment of section 31, subdivision 1 (c), the removal of misdemeanor charges to the cognizance of the grand jury was governed by Laws of 1895, chapter 601, and the removal was practically automatic upon defendant swearing that he was not guilty of the charge.    The result was undue congestion in the criminal courts of petty misdemeanor cases.    The mandatory feature was thereupon eliminated by Laws of 1897, chapter 378, section 1406 (Greater N. Y. Charter),

now the above-cited section of the Inferior Criminal Courts Act. In *People* v. *Levy* (24 Misc. 469) Mr. Justice BEEKMAN called attention to the fact that the granting of such an order is discretionary, and that such discretion should be exercised in cases, among others, where " there are exceptional features * * * which render it desirable and proper that the action should be tried before a jury." To the same effect, GOFF, R., in *People* v. *Wade* (26 Misc. 585).

It seems to me that this is plainly such a case. There are references in some of the decisions under this section to the propriety of such a removal where property rights are involved, a subject to which I do not allude further, because I think that in this case it is a minor consideration. The question of the offensive character, from the moral standpoint, of a drama, involves a subject of great public interest. On the one hand, the serious consideration of the freedom of the press, the theatre, and of art generally; on the other, the right and need of the public to be protected against indecency, with the consequent impairment of public morality. Moreover, the natural public interest in the outcome of a controversy involving these respective rights demands that a solution be found that will satisfy the public mind. In my opinion, that result will be better accomplished by the verdict of a jury than by the decision of a judge, or a board of justices, however learned in the law.

The fact that " a jury drawn from those of varied circumstances, engaged in various occupations, in close touch with the currents of public feeling," is peculiarly fitted to pass upon the question whether a book or play is obscene or indecent has been recognized quite recently by our highest court in *Halsey* v. *New York Society for Suppression of Vice* (234 N. Y. 1, 6). ANDREWS, J., writing for the majority, adds significantly: " The conflict among the members of this court itself points a finger at the dangers of a censorship entrusted to men of one profession, of like education and similar surroundings." The same thought pervades many other decisions. (*People* v. *Muller*, 96 N. Y. 408.) It is expressed in *United States* v. *Harmon* ([D. C.] 45 Fed. 414 [1891]) in the words: " The panel of 12 are assumed to be the best and truest exponents of the public judgment of the common sense. Their selection and constitution proceed upon the theory that they most nearly represent the average intelligence, the common experience and sense, of the vicinage." These considerations seem to me to be so persuasive as to require no further elaboration.

Under the circumstances, therefore, I am of opinion that this application should be granted and a certificate issued. Settle order,