The People of the State of New York, Plaintiff, *v.* Isadore Katzowitz, Defendant.

County Court, Sullivan County, September 20, 1933.

*William Deckelman, District Attorney,* for the plaintiff.

*Joseph Kooperman,* for the defendant.

Cooke, J. Application is made to the county judge for a certificate under section 57 of the Code of Criminal Procedure. This section is as follows: " Exclusive jurisdiction. Upon filing with the

magistrate, before whom is pending a charge for any of the crimes specified in section fifty-six, a certificate of the county judge of the county, or of any justice of the supreme court, that it is reasonable that such charge be prosecuted by indictment, and fixing the sum in which the defendant shall give bail to appear before the grand jury; and upon the defendant giving bail, as specified in the certificate, all proceedings before the magistrate shall be stayed; and he shall, within five days thereafter, make a return to the district attorney of the county of all proceedings had before him upon the charge, together with such certificate and the undertaking given by the defendant thereon; and the district attorney shall present such charge to the grand jury; provided, however, that no such certificate shall be given except upon at least three days' notice to the complainant or to the district attorney of the county of the time and place for the application therefor."

It seems that on the evening of May 1, 1933, at the corner of Prince street and Broadway in Monticello, N. Y., an open air meeting was held. The affidavit of defendant states that said meeting was held under the auspices of the following organizations: International Workers' Order, International Labor Defense, Friends of Soviet Union and the Communist Party of America. It is claimed that while defendant was speaking to the people who had gathered at that place he said some things which annoyed and irritated some of his listeners and that some one or more from the assemblage threw missiles at him. It is claimed by the complainant herein that defendant on that occasion cast contempt upon the flag. Alleged anti-governmental demonstrations of doctrines staged at a busy corner of an active and quite populous country village would be likely to meet with disapproval from many who would assemble there and ordinary prudence on the part of those interested in the holding of the meeting would impart to them the knowledge of this fact.

Whether or not the speaker was treated fairly is not the question here. The only question is, can this defendant be afforded a fair trial in the town of Thompson of the crime with which he is charged?

The information herein charges that the defendant violated paragraph d of subdivision 16 of section 1425 of the Penal Law in that he did publicly defile and cast contempt on the American flag, to wit, " he did blow his nose and wipe his face and clothing with an American Flag."

The defendant asks that this complaint be prosecuted by indictment for the reason that he believes he cannot have a fair and impartial trial in the town of Thompson, in which the village of Monticello is located. Permission is asked to remove this case

from its ordinary channels for disposition. Facts have not been presented which warrant the conclusion that the justice who issued the warrant is prejudiced in this matter. A jury trial may be had, if desired. A stenographer can keep a record of the proceedings so that a review and appeal may be taken by defendant if he feels that a fair trial has not been accorded to him.

In *People* v. *Porter* (108 Misc. 100) it is said: " It seems to me that sound public policy requires that criminal causes of all grades and classes should be promptly disposed of and the tribunals having jurisdiction in the first instance permitted to exercise the same without interference or restraint unless the interests of justice require otherwise."

In *People* v. *Mullen* (66 Misc. 476, 480) we find: " Moreover, the defendant is not obliged to be tried before the justice. He has a right to demand a jury trial, and if the defendant thinks that the justice, by reason of having passed upon the evidence and deposition, and having determined that a warrant should issue, or, as in this case, upon the defendant's request, having heard all the testimony of the complainant and witnesses, the justice decided that a *prima facie* case was made sufficient to put the defendant upon trial, the defendant can demand a jury trial and thus prevent the justice from passing upon the facts and have them determined by a jury of his peers. If any error is committed, or the defendant is in any way legally prejudiced, defendant has a remedy by appeal. The theory of the statute is that these minor offenses shall be tried and disposed of before the justices, or a Court of Special Sessions. It is not the intention that any and all of these minor offenses should be sent to the grand jury upon a certificate of a county judge, simply because the defendant asks it. The law has left it in the discretion of the county judge so that, in case of any reasonable prejudice on the part of the justice, the defendant could secure the protection afforded by this provision of the law. I do not think that this case is one where the county judge should interfere, but that the defendant should be required to try out his case before the Special Sessions, with or without a jury as required by law."

In *People* v. *Levy* (24 Misc. 469) and *People* v. *Wade* (26 id. 585) a certificate was denied even though a jury trial could not be compelled as a matter of right and the case was to be decided by the court. In the *Wade Case* (at p. 586) it is stated: " The defendant is charged with the commission of a crime of the grade of misdemeanor, and has been held by the committing magistrate for trial in the Court of Special Sessions. He now makes appli-

cation for an order that the charge against him be transferred to the Court of General Sessions, and be prosecuted by indictment.

" The claim that a ·person charged with a misdemeanor has a constitutional right to a trial by jury was decided adversely by BEEKMAN, J., in *People* v. *Levy*, 24 Misc. Rep. 469, and to the same effect in *People* v. *Wolf*, id. 94, and *People* v. *Seaman*, Supreme Court, Special Term, Queens county, 1898.

" Exclusive jurisdiction to hear and determine in the first instance all charges of misdemeanor committed in the city of New York, except charges of ' libel,' is conferred upon the Court of Special Sessions by section 1406 of the Greater New York charter (Chap. 378, Laws of 1897), unless a justice of the Supreme Court or a judge of the Court of General Sessions .' shall certify that it is reasonable that such trial shall be prosecuted by indictment.' The plain meaning and intent of this saving clause of the statute is that Courts of Special Sessions have exclusive jurisdiction for the trial of cases of misdemeanor, unless for reasonable cause they are divested of that jurisdiction. Where jurisdiction is conferred upon a court, the presumption of law is that it will be properly and justly exercised, and before that presumption can be disturbed, it should be made to appear that there exists some cause which is likely to be prejudicial to the rights of a party or to injuriously affect the fair and impartial administration of justice, or that there are involved exceptional and important questions which a trial of by indictment in a court of record would be seemly and proper. When it is satisfactorily made to appear that such cause exists, then the presumption is disputed, and it becomes ' reasonable ' that the relief provided by the statute should be granted, and not until then.

" The power to oust a court of jurisdiction which it has acquired is to be exercised with discretion and not arbitrarily. In accord with this principle, the statute declares that as a necessary prerequisite to the removal of a case from the Special Sessions, the judge shall certify that it is reasonable that the charge should be prosecuted by indictment. The judge is required to do an act which is judicial and not ministerial. He is in reality to certify that because of the existence of certain things or causes he deems it reasonable that the trial of a case should be had in a court different from the one in which jurisdiction was exclusively vested in the first instance. Can this certification be made without that discernment and discrimination of things and causes which are essentials of judicial discretion? It is necessary, therefore, that there should be presented for the judge's consideration some evidence of things or

causes which will enable him to correctly and prudently exercise judicial discretion." ·

At page 588: " It is a matter of common knowledge that in the great majority of cases removed from the Court of Special Sessions the object is not to obtain a speedy trial, but to get away from one, and through the delays consequent upon the great amount of business before the grand jury, the accumulation of indictments in the district attorney's office, and the necessity pressing upon the Court of General Sessions to give preference to the trial of felonies and prison cases, to circumvent the law and practically, in a wholesale manner, obstruct the administration of justice.

" ' To carry out effectually the purpose of the law, it must be so construed as to defeat all attempts to do or avoid in an indirect or circuitous manner that which it has prohibited or enjoined. Courts must labor to suppress all subtle innovations and circumlocution by which the object and purpose of the law will be defeated.' *Magdalen College Case*, 11 Rep. 70b; *Cooley* v. *Barcroft*, 43 N. J. Law, 363; *Woodruff* v. *State*, 3 Ark. 285."

While we must never stray from the principle that every person accused of crime has a right to a fair and impartial trial before an unbiased court and an unprejudiced jury, we must also be careful in our zeal for fairness not to be carried too far by a claim that a trial which is to be held in the future before a jury which has not as yet been summoned will not be a fair one and that the public mind in any community is in such a condition that an honest and fair-minded jury cannot be obtained. Informations, affidavits or even indictments are not evidence against an accused at the trial. Credible evidence must be produced of the commission of a crime by the defendant before a jury is warranted in saying so. Our statutes have, for a long time, amply protected persons accused of crime against improper verdicts. One of the most common of rules is " Defendant presumed innocent, until contrary proved; in case of reasonable doubt, entitled to acquittal.

" A defendant in a criminal action is presumed to be innocent, until the contrary be proved; and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal." (Code Crim. Proc. § 389.)

This matter has been adjourned several times by consent. It is now over three months since this unfortunate occurrence took place. It has only recently been finally submitted. Those who allege that a fair trial cannot be held in the town where the alleged act took place have the burden of sustaining their position. The law has endeavored to surround the drawing of a jury with sufficient safeguards in order to provide for a fair trial. Section 707 of the Code

of Criminal Procedure says that the same challenges may be taken by either party to the panel of jurors or to an individual juror as on the trial of an indictment for a misdemanor so far as applicable. Affidavits impugning the motives of public officers should be carefully scrutinized, especially when those officers submit affidavits denying any unfairness on their part and explaining their connection with the matter.

Judge Crain in *People* v. *Rosenberg* (59 Misc. 342, at p. 344) says: " Without, therefore, attempting to lay down any general rule, it may be said that to warrant the granting of such an application it should appear either, first, that a case presents intricate and complicated questions of fact, rendering a jury trial proper, or, second, that it presents difficult questions of law; or, third, that a property right is involved; or, fourth, that a decision may be far-reaching in its effect and become a precedent which will regulate a matter of general interest; or, lastly, that the case is of exceptional character and that the defendant, for some special reason, cannot have a fair trial in the Court of Special Sessions. *People* v. *Levy, supra; People* v. *Wade, supra; People* v. *Cornyn,* 36 Misc. Rep. 135; *People* v. *Butts,* 121 App. Div. 227."

Here a jury trial may be had, and it seems that a fair trial can be had in the Court of Special Sessions. To draw the deduction that any of the other causes claimed existed would not be justified.

At the conclusion of his opinion, Judge Crain says: " As the applications in these cases for certificates, certifying that it is reasonable that they should be prosecuted by indictment, do not fall within any of the classes of cases in which such certificates are properly granted the applications are denied."

In *People* v. *Dunne* (140 Misc. 379, 380) it is stated: " The case is not complicated in any sense, and I see no reason for holding that the defendant cannot be properly and fairly tried in the court in which he has been held to answer."

This is largely a disputed question of fact. From the affidavits submitted it is likely that several witnesses will be sworn. To try this case in the County Court would probably involve an expense of from $150 to $200 per day, and while the expense would be inconsequential, if necessary and proper, it should not be incurred without sufficient reason therefor. It appears from a reading of the cases that this certificate is seldom granted.

Section 56 of the Code of Criminal Procedure says, in part: " Jurisdiction of courts. Subject to the power of removal provided for in this chapter, courts of special sessions, except in the city and county of New York and the city of Albany, have in the first instance exclusive jurisdiction to hear and determine charges of

misdemeanors committed within their respective counties, as follows: "

Paragraph 32 thereof is as follows: " Crimes against the provisions of existing laws for the prevention of wanton or malicious mischief."

Paragraph d of subdivision 16 of section 1425 of the Penal Law, referring to the flag, is: any person who " shall publicly mutilate, deface, defile, or defy, trample upon, or cast contempt upon, either by words or act, or," etc.

After other subdivisions, it states: " Shall be deemed guilty of a misdemeanor; and shall also forfeit a penalty of fifty dollars for each such offense, to be recovered with costs in a civil action, or suit, in any court having jurisdiction, and such action or suit may be brought by or in the name of any citizen of this state, and such penalty when collected less the reasonable cost and expense of action or suit and recovery to be certified by the district attorney of the county in which the offense is committed shall be paid into the treasury of this state; and two or more penalties may be sued for and recovered in the same action or suit."

It is claimed that because a penalty may also be forfeited in a civil action, this ousts the Court of Special Sessions of jurisdiction in this case. The Court of Special Sessions cannot, in this action, have anything whatever to do with this penalty. Suit may or may not be brought therefor. It has not anything whatever to do with this case.

Application for the certificate herein is, therefore, denied.