THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRANK HAYES, ALBERT HAYES and SAMUEL DUNLOP, Defendants.

City Court of Gloversville, March 12, 1938.

*Bernard W. Kearney, District Attorney,* for the plaintiff.

*John P. Ryan,* for the complainant, Emil Tritschler.

*Harry Pozefsky,* for the defendants.

CALDERWOOD, J. Application is made to me as county judge of Fulton county, for a certificate under section 57 of the Code of Criminal Procedure, on behalf of the above-named defendants. This section provides as follows:

" Exclusive jurisdiction. Upon filing with the magistrate, before whom is pending a charge for any of the crimes specified in section fifty-six, a certificate of the county judge of the county, or of any justice of the Supreme Court, that it is reasonable that such charge be prosecuted by indictment, and fixing the sum in which the defendant shall give bail to appear before the grand jury; and upon the defendant giving bail, as specified in the certificate, all proceedings before the magistrate shall be stayed; and he shall, within five days thereafter, make a return to the district attorney of the county of all proceedings had before him on the charge, together with such certificate and the undertaking given by the defendant thereon; and the district attorney shall present such charge to the grand jury; provided, however, that no such certificate shall be given except upon at least three days' notice to the complainant or to the district attorney of the county of the time and place for the application therefor."

The district attorney of said county has appeared on this motion for the People of the State of New York, and has opposed the granting of this motion, contending that under existing facts and circumstances the City Court of said city has in the first instance exclusive jurisdiction to hear and determine the charges of misdemeanors here preferred against the defendants, and that the effective administration of justice demands a speedy trial of said charges before said Court of Special Sessions, where the defendants can and will have a fair and impartial trial. Such, also, is the attitude taken by the attorney for Emil Tritschler, the complainant in said actions, who also appears on this motion.

The actions here involved were instituted in said City Court on or about the 26th day of February, 1938, on two complaints sworn to on said date, made by the said complainant. The first complaint alleges in substance that the said defendants, within the limits of the city of Gloversville, on the 7th day of February, 1938, did wrongfully, unjustly, unlawfully, wickedly, willfully, corruptly, falsely, maliciously and knowingly violate section 580 of the Penal Law of the State of New York, in this, to wit, that at the time and place aforesaid, the said defendants willfully and wrongfully, and without just cause or provocation, conspired together to prevent the complainant from exercising his lawful trade or calling as an employee of Surpass Leather Company, by force and intimidations, and by striking him and beating him, upon his egress

from his place of employment as aforesaid, to prevent him from returning thereto. The second complaint alleges in substance that at the time and place aforesaid, the said defendants wrongfully, unjustly, unlawfully, wickedly, willfully, corruptly, falsely, maliciously and knowingly violated section 244 of the Penal Law of said State in this, to wit, that at the time and place aforesaid the said defendants did make an assault upon the complainant by willfully and wrongfully, and without just cause or provocation, violently laid hands upon him, and by striking him with their hands and fists upon his body. Each complaint asked as relief that a warrant issue out of said City Court to apprehend said defendants, and that they be dealt with according to law. Warrants were accordingly issued on said complaints, the defendants were taken into custody, and, appearing in said court thereafter they each plead not guilty to said charges. Thereafter this motion was made before me, and pending the disposition thereof the hearing, trial and determination of said charges is being held in abeyance.

Concededly, the crime charged in each of said complaints is a misdemeanor. Concededly the punishment for each of said crimes prescribed by the Penal Law is the same, viz., by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than five hundred dollars, or by both.

Section 56 of the Code of Criminal Procedure of said State provides, among other things, as to the jurisdiction of courts, as follows: " Subject to the power of removal provided for in this chapter [by section 57 by the motion here and now pending]. Courts of Special Sessions, except in the city and county of New York and the city of Albany, have in the first instance exclusive jurisdiction to hear and determine charges of misdemeanors committed within their respective counties as follows: " Then follows certain specific misdemeanors, including assault in the third degree, listed, respectively, in the subdivisions of said section therein enumerated as subdivisions 1–26, inclusive; 26-a, 26-b, 27, 28, 29 and 29-a; 31–35, inclusive; 35-a, 35-b, 35-c, 36 and 37, in none of which does the specific crime or word " conspiracy " appear. I quote subdivision 37:

" 37. Such other jurisdiction as is now provided by special statute or by municipal ordinance authorized by statute."

Subdivision 38 of said section provides as follows:

" 38. When a complaint is made to or a warrant is issued by a committing magistrate for any misdemeanor *not* (italics mine) included in the foregoing subdivisions of this section, if the accused shall elect to be tried by a Court of Special Sessions, as provided by section two hundred and eleven. But this subdivision shall not apply to any misdemeanor which is or may be punishable by a fine

exceeding fifty dollars, or by imprisonment exceeding six months." Said section closes with subdivision 39, dealing with all violations of the law regulating the junk business, which is not here material.

Section 211 of the Code of Criminal Procedure, above referred to, provides as follows:

" 211. Defendant to choose how he shall be tried.

" If the crime with which the defendant is charged be one triable as provided in subdivision thirty-seven (now subdivision 38) of section fifty-six, by a Court of Special Sessions of the county in which the same was committed, the magistrate, before holding the defendant to answer, must inform him of his right to be tried by a Court of Special Sessions, and must ask him how he will be tried. If the defendant shall not require to be tried by a Court of Special Sessions, he can only be held to answer to a court having authority to inquire by the intervention of a grand jury into offenses triable in the county."

In construing the above section, however, it has been held by the Court of Appeals of this State that where the statute gives exclusive jurisdiction to a Court of Special Sessions to try alleged offenders against its provisions, then the justice must try the accused notwithstanding his demand to give bail to the grand jury. (*Austin* v. *Vrooman*, 128 N. Y. 229.)

I note another interesting decision construing this section 211, viz., *People* v. *Cook* (45 Hun, 34). In this case it was held that where the defendant, having a charge read to him, said he was ready for trial, and failed to demand a trial by jury, it was equivalent to a request to be tried by the Court of Special Sessions.

Having noted the aforesaid applicable statutory provisions, I now consider briefly the position taken by the defendants on this motion. On their behalf rather ingenious arguments have been advanced, in support of the relief here sought. They base their claim for this relief not only on the provisions of said section 57 of the Criminal Code above quoted, but also under the provisions of subdivisions 37 and 38 of said section 56, and of said section 211 of said Criminal Code. They contend, *first*, under said subdivision 37 of said section 56, there is no special statute giving to said City Court jurisdiction or power to hear, try and determine said charge of conspiracy, and consequently said City Court does not possess in the first instance exclusive jurisdiction to hear and determine said charge of conspiracy, but that our courts of record, having authority to inquire as to said charge by intervention of a grand jury, have at all times had concurrent jurisdiction to hear, try and determine said conspiracy charge.

With this contention I am unable to concur. Said City Court of Gloversville was created by a special act of the Legislature, viz., chapter 369 of the Laws of 1934. In effect May 7, 1934. Article VIII of said chapter deals with the criminal jurisdiction and procedure in said Court of Special Sessions. Section 57, under heading " jurisdiction," provides, among other things, as follows:

" (e) The court shall have the power to hear, try and determine charges for *every* misdemeanor committed within the corporate limits of said city. * * *

" (f) The judge or assistant judge shall have power, upon conviction for misdemeanor, to impose a sentence of imprisonment not exceeding one year in a county jail or penitentiary or a fine not exceeding five hundred dollars, or both such fine and imprisonment, with further imprisonment if such fine is not paid, not exceeding one day for each dollar of fine unpaid, except where a different punishment is by law prescribed for such offense."

From this I conclude and determine that this special act must be deemed to be embraced in said subdivision 37 of section 56 of the said Code of Criminal Procedure, and that from the inception said City Court has and does possess in the first instance exclusive jurisdiction to hear and determine said charge of conspiracy, which, by said section 580 of the Penal Law, is specifically declared to be a misdemeanor, punishment of which is conceded to be by imprisonment in a pententiary or county jail for not more than one year, or by a fine of not more than $500, or by both (Penal Law, § 1937).

*Second.* The defendants contend that because said crime of conspiracy is not embraced within said subdivisions numbered 1 to 37, inclusive, of said section 56, they must be entitled to relief under subdivision 38 of said section, also under section 211 of said Code. With this argument I cannot concur, for reasons already stated, also for the further reason that the language of subdivision 38 precludes any such reasoning or argument. As already stated, the crime of conspiracy is included, by reference, in said subdivision 37, and by said special act creating said City Court and defining its powers and jurisdiction. Consequently said subdivision 38 cannot apply here. Further the language of said subdivision 38 specifically provides that it shall not apply to any misdemeanor which is or may be punishable by a fine exceeding fifty dollars, or by imprisonment exceeding six months. It is apparent subdivision 38 does not apply to said alleged misdemeanor of conspiracy.

*Third.* The defendants contend that under said provisions of subdivision 38 of section 56, and section 211, of the Code of Criminal Procedure, they have the right to elect whether they will be tried in said City Court or by a court having the power to inquire as to said

alleged crime of conspiracy by the intervention of a grand jury. For reasons stated, I am unable to concur with this contention. Under the existing law and facts, I do not believe said defendants have any right to determine in which court they will be tried. If this were so, there would be no seeming excuse for this pending motion.

Lastly, in their argument during this motion the defendants contended that when first brought into said City Court they urged the complainant to withdraw his said charge of conspiracy, which he then refused to do; that since it was known by complainant that defendants were making this motion he was seeking to withdraw said charge of conspiracy and to stand alone on his charge of assault in the third degree; that the complainant should not now be permitted to withdraw said conspiracy charge. With this phase I am not here particularly concerned, believing as I do that such question is solely for determination by the judge of said City Court.

As between the attorney for the defendants and the attorney for the complainant, various other charges and countercharges were made during the argument of this motion. Concerning these I make no comment, believing them not germane to the questions here involved.

Having determined that in the first instance said City Court had and has exclusive jurisdiction of the hearing, trial and determination of said charges both of conspiracy and assault in the third degree, I next proceed to the consideration of the question whether or not, in the exercise of sound discretion, I should grant the certificate hereby sought thereby certifying that it is reasonable that such charges be prosecuted by indictment.

The defendants ask that this complaint be prosecuted by indictment, for the reason that they believe that they cannot have a fair and impartial trial in said City Court, in said city of Gloversville due to feeling which has been engendered as a result of the recent strike involving a part of the employees of said Surpass Leather Company. Permission is sought to remove these cases from their ordinary channels for disposition.

The question here involved is not new, but has been repeatedly before the courts. I refer briefly to some of the decisions.

In *People* v. *Porter* (108 Misc. 100, 101), the court says: "It seems to me that sound public policy requires that criminal causes of all grades and classes should be promptly disposed of and the tribunals having jurisdiction in the first instance permitted to exercise the same without interference or restraint unless the interests of justice require otherwise."

On a similar motion in *People* v. *Mullen* (66 Misc. 476, 480), the court states: "Moreover, the defendant is not obliged to be

tried before the justice. He has the right to demand a jury trial, and if the defendant thinks that the justice, by reason of having passed upon the evidence and deposition, and having determined that a warrant should issue, or, as in this case, upon the defendant's request, having heard all the testimony of the complainant and witnesses, the justice decided that a *prima facie* case was made sufficient to put the defendant upon trial, the defendant can demand a jury trial and thus prevent the justice from passing upon the facts and have them determined by a jury of his peers. If any error is committed, or the defendant is in any way legally prejudiced, defendant has a remedy by appeal. The theory of the statute is that these minor offenses shall be tried and disposed of before the justices, or a Court of Special Sessions. It is not the intention that any and all of these minor offenses should be sent to the grand jury upon a certificate of a county judge, simply because the defendant asks it. The law has left it in the discretion of the county judge so that, in case of any reasonable prejudice on the part of the justice, the defendant could secure the protection afforded by this provision of the law. I do not think that this cause is one where the county judge should interfere, but that the defendant should be required to try out his case before the Special Sessions, with or without a jury as required by law."

Again, in *People* v. *Wade* (26 Misc. 585), the court stated, in part:

" Exclusive jurisdiction to hear and determine in the first instance all charges of misdemeanor committed in the city of New York, except charges of ' libel,' is conferred upon the Court of Special Sessions by section 1406 of the Greater New York Charter (chapter 378, Laws of 1897), unless a justice of the Supreme Court or a judge of the Court of General Sessions ' shall certify that it is reasonable that such trial shall be prosecuted by indictment.' The plain meaning and intent of this saving clause of the statute is that Courts of Special Sessions have exclusive jurisdiction for the trial of cases of misdemeanor, unless for reasonable cause they are divested of that jurisdiction. Where jurisdiction is conferred upon a court, the presumption of law is that it will be properly and justly exercised, and before that presumption can be disturbed, it should be made to appear that there exists some cause which is likely to be prejudicial to the rights of a party or to injuriously affect the fair and impartial administration of justice, or that there are involved exceptional and important questions which a trial of by indictment in a court of record would be seemly and proper. When it is satisfactorily made to appear that such a cause exists, then the presumption is disputed, and it becomes ' reasonable ' that the relief provided by the statute should be granted, and not until then.

The power to oust a court of jurisdiction which it has acquired is to be exercised with discretion and not arbitrarily. In accord with this principle, the statute declares that as a necessary prerequisite to the removal of a case from the Special Sessions, the judge shall certify that it is reasonable that the charge should be prosecuted by indictment. The judge is required to do an act which is judicial and not ministerial. He is in reality to certify that because of the existence of certain things or causes he deems it reasonable that the trial of a case should be had in a court different from the one in which jurisdiction was exclusively vested in the first instance. Can this certification be made without that discernment and discrimination of things and causes which are essentials of judicial discretion? It is necessary, therefore, that there should be presented for the judge's consideration some evidence of things or causes which will enable him to correctly and prudently exercise judicial discretion. * * *

" It is a matter of common knowledge that in the great majority of cases removed from the Court of Special Sessions the object is not to obtain a speedy trial, but to get away from one, and through the delays consequent upon the great amount of business before the grand jury, the accumulation of indictments in the district attorney's office, and the necessity pressing upon the Court of General Sessions to give preference to the trial of felonies and prison cases, to circumvent the law and practically, in a wholesale manner, obstruct the administration of justice.

" ' To carry out effectually the purpose of the law, it must be so construed as to defeat all attempts to do or avoid in an indirect or circuitous manner that which it has prohibited or enjoined. Courts must labor to suppress all subtle innovations and circumlocution by which the object and purpose of the law will be defeated.' "

Again, quoting from *People* v. *Katzowitz* (150 Misc. 63):

" While we must never stray from the principle that every person accused of crime has a right to a fair and impartial trial before an unbiased court and an unprejudiced jury, we must also be careful in our zeal for fairness not to be carried too far by a claim that a trial which is to be held in the future before a jury which has not as yet been summoned will not be a fair one and that the public mind in any community is in such a condition that an honest and fair-minded jury cannot be obtained. * * *

" Those who allege that a fair trial cannot be held in the town where the alleged act took place have the burden of sustaining their position. The law has endeavored to surround the drawing of a jury with sufficient safeguards in order to provide for a fair trial."

Quoting from *People* v. *Rosenberg* (59 Misc. 342, 344): " With-

out, therefore, attempting to lay down any general rule, it may be said that to warrant the granting of such an application it should appear either, first, that the same presents intricate and complicated questions of fact, rendering a jury trial proper, or, second, that it presents difficult question of law; or, third, that a property right is involved; or, fourth, that a decision may be far-reaching in its effect and become a precedent which will regulate a matter of general interest; or, lastly, that the case is of exceptional character and that the defendant, for some special reason, cannot have a fair trial in a Court of Special Sessions."

After carefully considering the proof submitted on this motion, and the arguments and briefs of counsel, I am not convinced that the defendants have here made out a case which would justify me in granting the certificate sought herein.

Since drafting the earlier part of this decision, I am informed that in said City Court and on motion of the said complainant, the judge of said City Court has granted an order herein permitting the said complainant to withdraw his said charge of conspiracy against said defendants. That being so, the only charge remaining for hearing, trial and determination by said Court of Special Sessions is, whether or not the defendants are guilty of said charge of alleged assault in the third degree. With the merits of said controversy I am not here concerned. I cannot see how the trial thereof will present any intricate or complicated questions of fact or any difficult questions of law. Such a case is not of the exceptional character. So far as I can anticipate, it in no way meets the tests set forth in *People* v. *Rosenberg* (*supra*). I discover no adequate reason why said defendants cannot have a fair and impartial trial of the said charge of alleged assault in the third degree in said City Court.

Counsel for said defendants has urged that my recent decision in *People* v. *Harbydt*, growing out of the aforesaid strike, constitutes a precedent for the granting of the relief hereby sought. I do not so view it. That case was, in my judgment, an exceptional case. My decision therein was the result of careful and deliberate consideration, and was based on the peculiar facts established therein. Such facts do not exist in the cases at bar. The defendant in that case was a deputy sheriff, alleged to have been acting under the directions of his superior officer, and in line of duty, in an emergency, when he is alleged to have committed the alleged assault made the basis of said charge. I felt that if he could be justly charged, arrested, then compelled to submit to trial in said City Court, and be thereby removed, in said emergency, from his field of assigned duty, all other deputy sheriffs then likewise

employed could be likewise dealt with, and removed from their field of duty in preserving law and order and giving protection to persons and property during said emergency, which had actually assumed the characteristics of a riot. I felt that to permit this would be to establish a most dangerous precedent, and that thereby the public, whose interests were at stake, might be endangered thereby. I felt that to permit such a course would be contrary to our fundamental law, and would be to sanction an attack on the arm of organized government. The distinction between that case and this is marked.

Fortunately, the aforesaid emergency no longer exists. Peace and quiet has been restored. Ultimately means were found which it is hoped, may bring said strike to an end. I am convinced that the public mind in said city is, at the present time, in such a condition that an honest and fair-minded jury can and will be obtained for the trial of the charges here involved, and that the defendants in the cases here at bar can and will have a fair and impartial trial in said City Court. Consequently, I feel I have not the right, in the instant cases, to interfere with the ordinary and orderly administration of justice under our form of government by depriving said City Court of the jurisdiction vested in it to exercise, in the first instance exclusive jurisdiction in the hearing, trial and determination of said charges.

It follows that for reasons herein stated, said motion must be denied. Order may be prepared and submitted for signature accordingly.