THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROSETTA GOLDMAN, Defendant.

Supreme Court, Special Term, New York County, January 23, 1950.

*Samuel Sumner Goldberg* for defendant.

*Frank S. Hogan, District Attorney* (*Edward T. Perry* of counsel), for plaintiff.

PECORA, J.   Defendant moves to have a charge, now pending against her in the Court of Special Sessions, prosecuted by indictment (N. Y. City Crim. Cts. Act, § 31, subd. 1, par. [c]). In May, 1949, defendant displayed in the window of a bookshop, which she owns in Greenwich Village, an effigy of a female torso, of a type usually found in a dressmaker's shop, upon which was painted the face of a man purporting to represent the devil.   The figure was being used to advertise a book called " Devil in the Flesh " written by a Frenchman.   Following complaints that the figure was obscene, defendant was arrested and held for Special Sessions after a hearing before a Magistrate.   A four-count information has been filed against defendant charging violations of section 43 of the Penal Law — openly outraging public decency, section 1141 of the Penal Law — possession of an obscene figure with intent to show same, and section 1141-a of the Penal Law — the display of an immoral picture and an obscene poster.

Whether a painting, statue or print exhibited in good faith is to be classified as immoral and obscene involves a question of community standards — a question which a jury composed of citizens drawn from all walks of life should resolve. In *People* v. *Morganstern* (134 Misc. 127, 128) the court in granting a certificate under paragraph (c) of subdivision 1 of section 31 of the New York City Criminal Courts Act, pointed out that a verdict of a jury was the proper manner to determine the "need of the public to be protected against indecency, with the consequent impairment of public morality." In *Halsey* v. *New York Soc. for Suppression of Vice* (234 N. Y. 1, 6) the court said: "Far better than we is a jury drawn from those of varied experiences, engaged in various occupations, in close touch with the currents of public feeling, fitted to say whether the defendant had reasonable ground to believe that a book such as this was obscene or indecent."

While it need not be held that all cases involving a charge of violation of the statutes against obscenity should be prosecuted by indictment, nevertheless there are some, and I believe the instant case is one, which should receive consideration from juries rather than a judge or board of justices. Where the result of a prosecution would involve a question of censorship, rather than suppression of obvious pornography, then the expression of the public judgment should come from the best exponent of that judgment — a jury drawn from a cross-section of the community.

The motion is granted. Settle order.