In the Matter of the Application of the PEOPLE OF THE STATE OF NEW YORK, Petitioner, for a Prohibition Order against KENNETH COOLEY, Respondent.

Supreme Court, Monroe County, February 25, 1931.

*Charles B. Bechtold*, for the motion.

*William F. Love* [*Clarence J. Henry* of counsel], opposed.

RODENBECK, J. The Constitution of the State provides that " the trial by jury in all cases in which it has been heretofore used, shall remain inviolate forever." (Art. 1, § 2.) The test, therefore, in any case, where a jury trial is demanded, and which has not been expressly provided for by statute, is whether the practice at common law was to grant a jury trial in such a case. An examination of the cases in which a jury trial was granted at common law exhibits a wide variation and may not include the specific case involved. A general rule must, therefore, be deduced from the practice at common law. The only rule which seems to have governed the demarcation between cases is that the more serious cases were triable by jury and the minor cases were triable by a magistrate. This is the rule that was followed by the Supreme Court, under a provision in the Federal Constitution (Art. 3, § 3) which provides that the trial of all " crimes," except in case of impeachment, should be by jury. The particular question involved was whether or not a violation of a District of Columbia traffic act against reckless driving was triable by jury, and the Supreme Court decided that it was a serious offense and, for that reason, was a " crime " triable by a jury. (*District of Columbia* v. *Colts*, 282 U. S. 63, Nov. 24, 1930.)

Following this course of reasoning, the case at bar would seem to be a case where, at common law, a trial by jury would have been directed. No such offense, of course, was known at common law as reckless driving of an automobile, but the question at issue is not to be determined by finding a parallel case at common law, but by applying the principle to be deduced from the classes of cases which were triable by jury at common law. The Constitution grants the right to a jury trial. Action of the Legislature is not necessary to confer that right. The action of the Legislature, when taken, is not final and a right conferred may be destroyed by the courts, or one withheld may be granted. The cases in which a right to a jury trial exists are not limited to those mentioned by statute. It exists independently of any statute, by virtue of the Constitution, and will be enforced by the courts in a proper case. The right is not limited to the specific cases in which it existed at common law, but exists in new cases of like character. The seriousness of the offense in this case is exhibited in that it may result in a charge of homicide (Penal Law, § 1052, subd. 3), and the punishment for a second offense is a fine and

imprisonment. (Vehicle and Traffic Law, §§ 58, 70, subd. 15.) The penalty imposed is not controlling, as the Legislature might, thereby, evade the constitutional right to a trial by jury. (See 44 Harvard Law Review, No. 3, p. 465.)

Motion granted.

So ordered.