THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES W. SCHUMANN and Another, Defendants.

Court of General Sessions, New York County, February 1, 1933.

*Thomas C. T. Crain, District Attorney [William R. Maloney* and *Joseph Schottland* of counsel], for the plaintiff.

*John J. O'Leary [John P. Cohalan* of counsel], for the defendants.

FRESCHI, J.   The defendants Charles W. Schumann and George Schilling move this court for a certificate that it is reasonable that the charge herein shall be prosecuted by indictment.

These defendants and two others were held after a preliminary examination by the committing magistrate for trial in the Court of Special Sessions of the City of New York for an alleged conspiracy in that the said defendants did unlawfully and corruptly conspire together to cheat and defraud the Sun Insurance Office, Limited, of London, England, out of property and to do an act for the perversion and obstruction of justice and the due administration of the laws, that is to say, to obtain unlawfully from said corporation the sum of $100,000 by falsely pretending that jewelry of that value had been forcibly stolen and carried away from the possession of the said corporation, Schumann Sons Jewelers, Incorporated.

Counsel for these applicants urge that the certificates should be granted for two reasons: (a) Because Special Sessions has no jurisdiction by reason of section 6 of article 1 of the Constitution of the State of New York, to wit: " No person shall be held to answer for a capital or otherwise infamous crime   *   *   *   unless on presentment or indictment of a grand jury."   (b) Because it is reasonable that the charge in this case should be prosecuted by indictment.

Counsel for defendants argue that " the crime here charged is infamous within the meaning of the constitutional provision when the punishment is infamous " and that " in the instant case a conspiracy charged as a misdemeanor has been completed by a felony, to wit: robbery in the first degree in violation of section 2124 of the Penal Law, and comes within the provisions of .section 2124 in two respects — that it was conducted with the aid of accomplices

and with the use of force as represented by pistols." They add: "If Schumann and Schilling are guilty of the conspiracy to commit this robbery, they are also guilty as principals. * * * For the crime of conspiracy in this case, which included the completed crime of robbery in the first degree, the defendants may be punished by thirty years of hard labor in a state prison."

I do not agree with this reasoning. Whether crime is "infamous" within the meaning of the constitutional provision (*supra*) is determined by the character and extent of the punishment that can be imposed for that particular offense. "An infamous crime is one that carries an infamous punishment; the test does not depend upon the punishment that ultimately happens to be inflicted but upon the punishment the court has the power to inflict." (*Brede* v. *Powers*, 263 U. S. 4; Bouvier Law Dict. [3d rev.] 1553, 1554.) (See Words and Phrases, vol. 2 [2d series], pp. 1057, 1058; *Matter of Greene*, 48 Misc. 31; *Matter of O'Hare*, 60 id. 269; *People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190, 197; *Matter of Cooley* v. *Wilder*, 234 App. Div. at p. 258, revg. 139 Misc. 321.) (See, also, *Tenement House Department* v. *McDevitt*, 215 N. Y. at p. 168.) A conspiracy is not punishable by imprisonment in State prison in this State. The maximum sentence that could legally be imposed for a conspiracy conviction is imprisonment in the county penitentiary as and for a misdemeanor (See Penal Law, § 580), unless the conspiracy is against the peace of the State, which is tantamount to treason and punishable in State prison not exceeding ten years. (Penal Law, § 581.) In some jurisdictions, as for instance the District of Columbia, one charged with conspiracy is entitled to a jury trial. (See *Callan* v. *Wilson*, 127 U. S. 540; *District of Columbia* v. *Colts*, 282 id. 63; S. C., see foot notes 75 Law. Ed. [U. S. Sup. Ct.] 177.)

The gravamen of the offense here is the corrupt agreement and not the overt acts. (*Green* v. *Davies*, 100 App. Div. 359, 362; revd. on other grounds, 182 N. Y. 499; *People* v. *Miles*, 123 App. Div. 862; affd., 192 N. Y. 541.)

In the instant case, whether the thing to be done by the alleged conspirators is a robbery is a moot question; but, in accomplishing and consummating the conspiracy the defendants might ultimately be guilty of an additional crime. It has been held that the lesser crime does not merge into the greater (*People* v. *Petersen*, 60 App. Div. 118), even though the additional crime is the means of carrying out the alleged unlawful agreement involved in the conspiracy. (*People* v. *Tavormina*, 257 N. Y. 84.)

The Court of Special Sessions of the City of New York has jurisdiction to hear and determine a charge of conspiracy; and such trial without a jury does not violate any constitutional guaranty.

(See *People ex rel. Frank* v. *McCann*, 253 N. Y. 221, 225; Inf. Crim. Cts. Act [Laws 1910, chap. 659, as amd.], § 31.)  "A misdemeanor is misconduct or offense inferior to a felony.  As a rule, misdemeanors do not present difficult questions of law or intricate questions of fact.  They are not necessarily punished by severe penalties.  Though they may be prosecuted by indictment, yet a statutory assignment of criminal law work has committed the trials of misdemeanors in the first instance to the Court of Special Sessions, with the exclusion of libel, which exclusion is significant.  This jurisdiction is subject to the power of certain judges to certify that it is reasonable that a charge of misdemeanor should be prosecuted by indictment."  (*People* v. *Butts*, 121 App. Div. 226.)

An application for the transfer of the trial is always addressed to the sound discretion of the court, and only where there is a sufficient and proper basis for the exercise of such discretion should the Court of Special Sessions be divested of jurisdiction to hear and determine a misdemeanor charge.  An abuse or a liberal exercise of that discretion works delay and injustice by a circumvention of the law which requires the trial of *misdemeanors* in the Court of Special Sessions, save where an indictment is the basis of a prosecution or a certificate is granted certifying that it is " reasonable " that such charge shall be prosecuted by indictment.   (See Inf. Crim. Cts. Act, § 31.)

Counsel for defendants believe that the trial of this case properly prosecuted and defended without undue delay of any kind will take at least a week.  From my examination of the case, I am satisfied that it is exceptional in many respects, and that the trial will probably be a protracted one.  The length of time consumed in presenting the People's side alone at the preliminary magistrate's hearing is a fair indication, in my judgment, of the time required for the trial.

By virtue of the territorial jurisdiction of the Court of Special Sessions in this city and the number of crimes of a lesser degree triable in that court, covering every sort of the many misdemeanors, the volume of its judicial business is exceedingly large.  The great majority of such cases involve comparatively short trials and are disposed of with dispatch and ability; but nevertheless, those cases occupy the entire time of the court.  Such a lengthy trial, as this is likely to be, if imposed upon the Court of Special Sessions, would undoubtedly interfere with the important work of that court.  Furthermore, in view of the rather complicated nature of this case, the responsibility for the decision of all questions of law and of fact herein should be divided.  In a jury trial, the judge must decide all questions of law, and the jury, on the other hand, would

be obliged to decide simply the issues of fact. I say this, however, without intending to reflect, directly or indirectly, upon the ability and competence of the jurists who preside over that court.

In addition, a point has been made of the effect any conviction in this case would have, not alone upon the defendants, but as well upon the property rights of creditors who have joined in the application at bar and upon the business associate of one of these defendants, and the incalculable harm likely to come upon the well-established partnership affairs of the parties. In my judgment, neither of these considerations, nor the fact that there is a pending law suit to recover $100,000 indemnity under the insurance policy in question, should be determinative on the merits of this motion; but, instead, what is of moment, it seems to me, are the property rights of one of these defendants which are at stake. The defendant George A. Schilling has been a city employee as a general clerk in the office of the commissioner of records in the New York County Surrogate's Court since August 1, 1919, and in other county positions prior thereto since 1914; and it can readily be seen that both his employment and his vested rights under the pension fund system are involved. The law does not contemplate in these cases the rights of others. Those property rights only should be considered on such an application which may involve the forfeiture of some right, privilege, office or position of the particular defendant affected by the consequences of the conviction. In other words, the property rights of the defendant must appear in applications of this nature to be substantial and personal before there should be a holding that a transfer is " reasonable," if the certification is to be predicated upon such a basis. The following are some of the cases where transfers have been allowed: *People* v. *Cornyn* (36 Misc. 136); *People* v. *Rosenberg* (59 id. 342); *People* v. *Willis* (Id. 371); *People* v. *Butts* (121 App. Div. 226); *People* v. *Cook* (Id. 901); *People* v. *Eckett* (Id. 901); *People* v. *Morganstern* (134 Misc. 127); *People* v. *Manupella* (139 id. 722).

For the reasons above assigned, I deem it " reasonable " to hold that a jury trial is advisable under all the circumstances of this case, and, therefore, grant the motion of these defendants.