THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPHINE and ANNA CURRAO, Defendants.

Court of General Sessions of County of New York, February 28, 1938.

*Thomas E. Dewey, District Attorney [Sewell T. Tyng, Assistant District Attorney, of counsel], for the plaintiff.*

*Szerlip & Szerlip, for the defendants.*

FRESCHI, J. This is a motion under clause (c) of subdivision 1 of section 31 of the Inferior Criminal Courts Act for a certificate of removal of this case from the Court of Special Sessions and certifying that it is reasonable that the charge herein shall be prosecuted by indictment in the Court of General Sessions.

I find no complicated or intricate questions of law or fact in this case, or any reasons justifying the belief that the defendant cannot get a fair trial in the Court of Special Sessions. No reasons appear

that a trial in that court would likely prejudice the rights of the accused or injuriously affect the impartial administration of criminal justice.

This case does not involve the forfeiture of some right, privilege, office or position as was the case in *People* v. *Schumann* (146 Misc. 395, 399). (See, also, *People* v. *Horowitz,* 145 id. 860.) What is " reasonable " has been stated in *People* v. *Butts* (121 App. Div. 226).

The burden, which is on the defendant, to show that it is " reasonable " (*People* v. *Werner,* 139 Misc. 479) that the charge should be prosecuted by indictment has not been sustained here. I am of the opinion that the grounds here urged are not adequate and do not meet those referred to in *People* v. *Rosenberg* (59 Misc. 342). The case here is not of an " exceptional character." (*People* v. *Levy,* 24 Misc. 469.) The judges of the Court of Special Sessions are just as well qualified " to judge as to what inferences and conclusions ought to be drawn from a given state of facts " here as any jury, who might represent " men taken from various walks of life," and to protect the defendants in all their rights. There is no " drastic or ruthless punishment involved." (*People* v. *Gantz,* 41 Misc. 542.) The court is satisfied that " public interest will not be better served by the transfer." (*People* v. *Morgenstern,* 134 Misc. 127.)

The information in Special Sessions court simply charges a violation of section 148 of the Public Welfare Law. Defendants were applicants for relief and are accused of making false representations as to their financial status at the time. The defendants now claim that the relief was for Anna Currao only, and that the daughter Josephine merely was required under the rules to sign the mother's application. It is charged that both mother and daughter had a substantial sum of money in bank. The moneys were in the name of both defendants, but Josephine claims they belonged to her absolutely and that her mother had no interest whatsoever in the deposit.

There is nothing difficult or complex about these matters; and certainly the legal questions, if there be any, as claimed by the defendants, regarding who is entitled to relief; when is one destitute; and what is willful fraud in a case of this kind, are not involved or difficult of solution and adjudication.

A civil action in the Municipal Court is pending wherein the city authorities have attached moneys in bank to cover their claim for about $840 advanced as relief predicated upon an alleged conspiracy to cheat the city. Property rights in the civil action cannot be affected by the criminal prosecution.

Motion denied.