THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SAMUEL KUPFERMAN, Defendant.

Court of General Sessions of County of New York, April 1, 1940.

*Thomas E. Dewey, District Attorney [Aaron Benenson, Assistant District Attorney*, of counsel], for the plaintiff.

*Henry K. Chapman*, for the defendant.

DONNELLAN, J. An information has been lodged against the defendant in the Court of Special Sessions charging him with a violation of section 751 and section 764 of the Penal Law. He now seeks a certificate that it is reasonable that the case be prosecuted by indictment pursuant to the provisions of paragraph (c) of subdivision 1 of section 31 of the Inferior Criminal Courts Act.

The information filed against the defendant contains five counts, and charges the defendant, an assistant deputy sheriff of the county of New York, with acting illegally as the chairman of a board of inspectors of election, and that in his capacity as chairman of the board of inspectors of election, when called upon to assist voters unfamiliar with the election procedure, that he then knowingly misguided the voters and caused them to vote for candidates not of their choice, and that he thereby affected the result of the primary election, and that he made a false count of the votes cast at the election, and recorded this false count.

The defendant has been an assistant deputy sheriff of the county of New York for the past eight and one-half years, during which time he became a member of and contributed to the New York City Employees Retirement System, and has contributed to the said fund approximately $1,600. Prior to his service in the sheriff's office he was employed by the United States Government in the Treasury Department, Internal Revenue Bureau, for a period of approximately five years. He contends that in the event of a conviction he will not only lose his rights under the pension laws, having contributed to the pension fund, but that he will also be precluded from holding any public office in the future.

In *People* v. *Schumann* (146 Misc. 395); *People* v. *Willis* (59 id. 371), and *People* v. *McGuinness* (168 id. 849) the defendants were all holders of public office and contributors to the pension fund. In all these cases certificates were granted by reason of the fact that they would sacrifice their rights in the pension fund in the event of a conviction, and that property rights therein were involved. The facts in this case resemble somewhat those in the case of *People* v. *Juskowitz* (173 Misc. 685).

This defendant can be brought to trial as speedily in the Court of General Sessions as in the Court of Special Sessions, and the rights of no one will be affected by according to him a trial by his peers.

Motion granted.