Wemple, J.
It appears on January 3,1956, the defendant was placed under arrest by a police officer of the Town of Grlenville, and brought before Honorable Edward F. Wurz, a Justice of the Peace of said town, upon a charge of violation of an ordinance regulating coach parks in the town of Grlenville. Said ordinance was adopted by the town board of the Town of Grlenville on September 7,1948, and an amendment known as amendment number one to said ordinance was adopted June 2, 1953, by resolution number forty-four, which reads: ‘ ‘ That the Trailer Ordinance of the Town of Grlenville be, and it hereby is, amended as follows: That the location of trailer coaches, other than for sales or storage, at other than a duly licensed trailer park is hereby prohibited. ’ ’
The applicant’s attorney urges the court to issue a certificate, pursuant to section 57 of the Code of Criminal Procedure, permitting the said offense to be prosecuted by indictment and fixing bail on the ground that the case presents difficult questions of law, involves substantial property rights, that a decision will be far-reaching in effect and become a precedent which would regulate a matter of general interest and on the further ground that the defendant cannot obtain a fair or adequate trial in the court in which said matter is now pending.
It should be noted at the outset that the validity of the ordinance upon which the charge against the defendant is based, is not to be adjudicated in this proceeding. The only question to be determined at this time is whether the defendant is entitled to the certificate sought.
The defendant applicant has the burden of showing that it is “ reasonable ” that the charge should be prosecuted by indictment. (See People v. Currao, 166 Misc. 374; also People v. Katzowitz, 150 Misc. 63.)
*711 The cases such as People v. Rotunda (55 N. Y. S. 2d 5) spell out the formula upon which transfer of cases may be granted. The application should establish that the case presents intricate questions of fact, rendering a jury trial proper, or, it presents difficult questions of law, or that a property right is involved, or that a far-reaching decision of general interest is at issue, or that for some special reason the defendant cannot have a fair trial in the Court of Special Sessions. The defendant’s affidavit makes bald assertions referring to the grounds outlined above but gives no factual information to support them. The memoranda submitted by defendant’s counsel make repeated reference to the ordinance and its validity and the necessity of the defendant to challenge it in the course of the trial and possible appeal, but it has been held in People v. Eassan (113 N. Y. S. 2d 108) that where the defendant could fully protect himself as to all questions of law in trial before the local magistrate and would have the remedy of appeal in the event of errors of law, the fact that intricate questions of law involving the validity of an ordinance might be involved, would not require granting of a certificate under section 57 of the code.
It is the opinion of this court that the defendant will have a fair trial in Justice’s Court. In any event, the question of the validity of the ordinance, if such matter is to be controverted, can be properly adjudicated on appeal. Any trial involves some expense. It is not an abuse of process or a hardship for a defendant first to stand trial in Justice’s Court and then appeal, if he so desires. Justices’ Courts are an important part of our judicial system and are deserving of support by the Bench and Bar.
This court does not feel that the defendant has convincingly presented a situation requiring the transfer from the Justice’s Court for consideration by the Grand Jury. Application is denied.