Mitchell D. Schweitzer, J.
This is an application by the defendant pursuant to section 57 of the Code of Criminal Procedure, for a certificate certifying that it is reasonable that the charges now pending against him in the Court of Special Sessions be prosecuted by indictment.
The defendant has been charged with a violation of the Vehicle and Traffic Law in that he is alleged to have operated a *829 motor vehicle while in an intoxicated condition and to have left the scene of an accident without reporting same, both charges arising out of the same occurrence (Vehicle and Traffic Law, § 70, suhds. 5, 5-a).
The defendant has waived examination in the Magistrates’ Court and the matter is now pending in the Court of Special Sessions. Defendant’s application is basically predicated on the following grounds: 1. That the case presents intricate and complicated questions of law and fact; 2. that a property right is involved; 3. that the defendant cannot have a fair trial in the Court of Special Sessions.
Motions of this character are addressed to the discretion of the court and all that is required is that the court believe that it is reasonable that the charges be prosecuted by indictment. The criteria to be considered in making such determination has been succinctly stated in People v. Harrington (169 Misc. 461, 462) where the court stated: “ No criterion is established by law to demark what would be ‘ reasonable ’ to justify the certificate. From time to time the courts have formulated certain rules, which have been quite uniformly followed upon such applications. Summarized they are (a) that a case presents intricate and complicated questions of fact, which render a jury trial proper; (b) that it presents difficult questions of law; (c) that a property right is involved; (d) that a decision may he far-reaching in its effect and become a precedent which will regulate a matter of general interest; (e) that the question is of such a novel character — a matter of first impression — unadjudicated, and different views may he entertained, reasoning from principle and analogy, as to how it should he decided; (f) that the case is of such an exceptional character that the defendant, for some special reason, cannot have a fair trial in the Court of Special Sessions.”
The instant case presents no intricate or complicated questions of fact. On the contrary, the charges represent the commonplace misdemeanors tried with regularity in Courts of Special Sessions.
It is true as defendant contends that a conviction for the offenses with which this defendant is charged requires a mandatory revocation of his license to drive (Vehicle and Traffic Law, § 71, subd. 2). But such revocation does not have the effect of depriving the defendant of a property right or indirectly affecting his livelihood to the extent that he will he deprived of it as was the case in People v. Marinelli (37 N. Y. S. 2d 321). It would result in a monetary loss to the defendant in the sense *830 that he would be required to hire a chauffeur at least for the period of time which must elapse before he can reapply for his license or it may only result in an inconvenience requiring this defendant to use other modes of transportation in pursuing his occupation.
The facts stated to support the defendant’s contentions that he cannot secure a fair trial in the Court of Special Sessions are specious, unfounded and without merit.
One further reason impels this court to deny this motion; Reference has already been made to the fact that misdemeanors arising out of violations under the Vehicle and Traffic Law have been tried frequently and with regularity in the Courts of Special Sessions. To assume jurisdiction of misdemeanors of this character would necessarily hamper the work of the Court of General Sessions, particularly at this time when it is presently overburdened with a calendar of cases which far transcend in importance and consequences the involvement of this defendant. The motion is denied.