Edmund A. McCarthy, J.
This is an application made by the defendant under section 57 of the Code of Criminal Procedure for a certificate of the County Judge of Herkimer County to the effect that it is reasonable that the charge pending in the City Court of the City of Little Falls against this defendant be prosecuted by indictment.
It would appear that on June 24, 1959, the defendant • was brought before the City Court of the City of Little Falls on a charge of violating subdivision 5-a of section 70 of the Vehicle and Traffic Law of the State of New York, leaving the scene of an accident.
*612 The grounds for removal are the usual ones that are presented in an application of this kind.
First, that a fair and impartial trial is impossible.
Second, that difficult and complicated questions of law and fact will become involved in the trial of the case as well as the validity and voluntariness of a certain statement in writing-made by the defendant to the Little Falls Police Department.
And lastly that an important property right may become involved, namely, his driving license may be revoked upon conviction.
The moving- papers fail to disclose any tangible reason why the defendant cannot get a fair and impartial trial in Little Falls. The Judge of the City Court of Little Falls as a lawyer has conducted a number of jury trials and to say that the jurors serving in the City Court of Little Falls would be unfair and prejudicial against a resident of the Village of Herkimer without any particular factual proof is certainly without warrant.
The bare statement that difficult and complicated questions of law and fact will become involved in this vehicle and traffic violation without being substantiated by any further facts or allegations is certainly insufficient particularly in view of the fact that this Presiding Judge is an attorney and perfectly capable of resolving any alleged complicated or difficult questions of law and fact as well as considering the circumstances under which the alleged statement in writing was given by the defendant. So I am sure that on these particular grounds it does not appear reasonable that the charge should be removed from the City Court of Little Falls to the County Court.
The one possible serious ground that the defendant has for this application is the question of an important property right, namely,' his license.
He is alleged to be a self-employed electric contractor and his operator’s license is necessary to him in operating his station wagon to transport himself and his tools to and from his work according to the moving papers.
This ground is being urged as one of the reasons for transfer of this case to the consideration of the Grand Jury on the theory that he is already convicted, and the statute requires revocation of his license. Of course, if he is acquitted then there is no question of important property right involved. Even if the case was considered by the Grand Jury and an indictment returned, the same alleged question of important property right would still be involved in case he is convicted.
It is urged that in a license application proceedings under article 78 of the Civil Practice Act, the Court of Appeals has *613 determined that ‘ ‘ the possession of a license to drive is a vested right.” (Matter of Moore v. Macduff, 309 N. Y. 35.)
It does not appear that this is the type of property right that the court envisioned in setting out the basis upon which such an application under section 57 of the code would be predicated. In People v. Smith (3 Misc 2d 828) the court so held.
Although it is conceded that upon conviction the defendant may suffer a monetary loss in being required to hire transportation until he can reapply for his license.
During the past few years we have experienced a movement in the State to abolish the Courts of Special Sessions and Justice’s Courts, and substitute therefor courts of broader jurisdiction for the trial of similar cases.
The Legislature in adopting section 56 of the Code of Criminal Procedure reposed in the Courts of Special Sessions and Justice’s Courts jurisdiction over this particular type of offense, as they have in numerous other misdemeanors listed in section 56.
We must recognize that Courts of Special Sessions are a very important part of our judicial system. These are the courts with which a great segment of our population comes in contact more often than with courts of higher jurisdiction, and it should behoove the members of the Bar to give these Courts of Special Sessions and the Judges thereof, the credit, respect and support that they deserve. If some mistake or inadvertent error is committed or a fundamental right of the defendant is endangered, an appeal is always available to the defendant.
These Courts of Special Sessions are generally presided over by conscientious individuals who are discharging a grave responsibility to the community and to every defendant, and instead of accusing them of unfairness or prejudice or bias without any factual information, we should do everything we can to strengthen these basic institutions of democracy.
It is the opinion of this court that the defendant will have a fair trial in the City Court of the City of Little Palls and that all complicated questions of law or fact and evidence will be correctly and impartially resolved by the Presiding Judge. That the property right alleged to be involved here is of a contingent nature, if any, depending upon conviction, and is not one contemplated by the courts as grounds for removal.
This court does not feel that the defendant has convincingly shown that it is reasonable that the charge should be prosecuted by indictment. (People v. Lane, 149 N. Y. S. 2d 769; People v. Moran, 1 Misc 2d 709.)
Accordingly, the application is hereby denied.