Louis G. Bruhn, J.
This is an application by the defendant pursuant to section 57 of the Code of Criminal Procedure for a certificate that it is reasonable that the charge of reckless driving in violation of section 58 of the Vehicle and Traffic Law of the State of New York, now pending in a Court of Special Sessions in the Town of Plattekill, be prosecuted by indictment.
*91 The defendant seeks to move the discretion of this court for such certificate on the basis that he cannot receive a fair trial in the Town of Plattekill because of bias and prejudice; that complicated questions of fact are presented, and that a property right is involved.
The law seems well settled that in any application of this kind, to successfully move the discretion of the court to grant the relief sought, the defendant must establish at least one of the following:
1. That the case presents intricate questions of fact, rendering a jury trial proper, or
2. Presents difficult questions of law, or
3. That a property right is involved, or
4. That a far-reaching decision of general interest is at issue, or
5. That for some special reason the defendant cannot have a fair trial in the Court of Special Sessions.
(People v. Moran, 1 Misc 2d 709; People v. Liteer, 3 Misc 2d 505.)
There appears little merit to the contention that complicated questions of fact are presented rendering a jury trial proper since the defendant is entitled to a trial by jury by virtue of the charge involved. (Matter of Cooley v. Wilder, 234 App. Div. 256.)
The conclusory statements of counsel with regard to the inability of the defendant to obtain a fair trial are wholly insufficient.
In the case of People v. Katzowitz (150 Misc. 63) at page 67 the court expressed a feeling with which this court fully concurs: ‘ ‘ While we must never stray from the principle that every person accused of crime has a right to a fair and impartial trial before an unbiased court and an unprejudiced jury, we must also be careful in our zeal for fairness not to be carried too far by a claim that a trial which is to be held in the future before á jury which has not yet been summoned will not be a fair one and that the public mind in any community is in such a condition that an honest and fair-minded jury cannot be obtained.” (See, also, Matter of Knight, 178 Misc. 972; People v. Gerra, 14 Misc 2d 1051.)
Somewhat more difficult, however, is the question of whether or not a sufficient property right is involved to grant the relief sought.
It appears that the license to operate a motor vehicle has graduated from a mere privilege to a right.
*92 In Matter of Wignall v. Fletcher (278 App. Div. 28, affd. 303 N. Y. 435) the Court of Appeals at page 441 stated: “ A license to operate an automobile is of tremendous value to the individual and may not be taken away except by due process. ’ ’
The Appellate Division in that case had stated (p. 30): “ A license to operate an automobile, once acquired, is something of real value and ‘ may not be revoked arbitrarily and taken away capriciously.’ ” (See, also, Matter of Moore v. Macduff, 309 N. Y. 35, 38.)
Such appears to be the law, but the persistent violations on the part of the defendant hardly suggest an awareness by him of the existence of a property right of such importance.
It is unquestionably true that a conviction for the crime of reckless driving does not carry with it per se a mandatory revocation of a license to operate a motor vehicle. (Vehicle and Traffic Law, § 71, subd. 3, par. [a].)
The defendant contends, however, that since he has already had two previous speeding convictions dating from September 2, 1958, a conviction for the instant charge will invoke the provisions of section 71 (subd. 2, par. [c]) of the Vehicle and Traffic Law, requiring mandatory revocation of his license and for that reason, his application should be granted.
Some cases suggest that where a mandatory revocation ensues from a conviction of the charge at hand and the defendant’s livelihood is in jeopardy, relief should be granted. (People v. Marinelli, 37 N. Y. S. 2d 321, 326; People v. Smith, 3 Misc 2d 828.)
However, those cases involve a charge which invoked the mandatory revocation provisions as a result of a conviction for the very charge involved.
Since, in this case, the mandatory provisions would be invoked not because of a single conviction, but rather because of cumulative convictions, this court feels it would be an abuse of discretion, under those circumstances, to grant relief.
This court’s conclusion is further fortified by the generally accepted proposition that sound public policy requires that-minor criminal cases be disposed of in local Courts of Special Sessions having original jurisdiction. (People v. Hassan, 113 N. Y. S. 2d 108; People v. Moran, supra; People v. Liteer, supra.)
For the reasons stated, the application is denied.