Louis Gt. Bruhn, J.
This is an application by the defendant pursuant to section 57 of the Code of Criminal Procedure for a certificate that it is reasonable that the charge of violating subdivision 5 of section 70 of the Vehicle and Traffic Law of the State of New York, pending in Justice’s Court, Town of Ulster, before the Hon. Robert Stedg-e, be prosecuted by indictment.
The application of the defendant is predicated on two grounds:
‘ ‘ A. That there will be serious and substantial questions of law which the Court must decide, and
“ B. That the determination of the Court will affect the property rights of the defendant.”
If the first ground were the only one advanced, this court would have no hesitancy in this case in denying the application.
The second ground advanced, however, presents a more difficult problem.
There appears little doubt that in applications of this character, to successfully move the discretion of the court to grant the relief sought, the defendant must establish at least one of the following:
1. That the case presents intricate questions of fact, rendering a jury trial proper, or
2. Presents difficult questions of law, or
3. That a property right is involved, or
4. That a far reaching decision of general interest is at issue, or
5. That for some special reason the defendant cannot have a fair trial in the Court of Special Sessions. (Emphasis supplied.) (People v. Moran, 1 Misc 2d 709; People v. Liteer, 3 Misc 2d 505.)
*964 The requirement of establishing one of the above has existed for a considerable time. (People v. Rosenberg, 59 Misc. 342, 344.)
In determining what property rights should be considered it is generally agreed that only those ought to be considered which involve the automatic forfeiture of some right, privilege, office or position of the defendant resulting from the conviction itself. (People v. Schumann, 146 Misc. 395, 399.)
Since section 71 (subd. 2, par. [b]) of the Vehicle and Traffic Law of the State of New York provides for a mandatory revocation of a driver’s license following conviction for a violation of subdivision 5 of section 70 certainly that prerequisite is present in the instant case.
If that were the only condition necessary of fulfillment, the application would have to be granted.
However, there remains a further and more difficult question of whether the possession of a license to drive an automobile involves the type of property right comprehended within the purview of section 57 of the code.
When the automobile was in its infancy it was universally agreed that the operator of a motor vehicle exercised not a right, but rather, a privilege which might be denied him and for which the Legislature might prescribe conditions under which it could be exercised. (People v. Rosenheimer, 209 N. Y. 115, 121.)
With the rapid mechanization of our times and the advancement of the automobile from a luxury to a necessity, such conception of the license has undergone a complete evolution.
A series of cases have contributed to such evolution.
In City of Rochester v. Falk (170 Misc. 238, 241) the court stated: “ The license was not the gift of a sovereign as a favor. It was granted by the State as a right to whomsoever should establish his ability.”
In Matter of Schutt v. Macduff (205 Misc. 43, 53) the court stated: ‘ To many persons, the right to own a motor vehicle and the right to possess a license to drive the same are among the most cherished rights of a citizen in this free country.”
In the case of Matter of Wignall v. Fletcher (303 N. Y. 435, 441) the Court of Appeals stated: “A license to operate an automobile is of tremendous value to the individual and may not be taken away except by due process.”
The evolutionary process had its culmination in a recent pronouncement by the Court of Appeals in Matter of Moore v. Macduff (309 N. Y. 35) when, at page 38, that court stated: *965 ‘ ‘ The possession of a license to drive is a vested property right. ’ ’ (Emphasis supplied.)
Since our highest court has now reached that conclusion, it would certainly appear reasonable that all applications under section 57 which involve mandatory revocations of a driving license following a conviction, should be granted.
So far as this court is able to ascertain, the case of People v. Marinelli (37 N. Y. S. 2d 321) was the first case involving a driving license in which the court granted a removal on the theory that a property right was involved.
While there is some suggestion that that court arrived at its conclusion because the livelihood of the defendant was in jeopardy, this court feels that now such condition no longer should be of any importance.
If possession of a driving license is a “ vested property right ’ ’ it should be so to every holder whether a chauffeur, farmer or other individual who needs it for livelihood or whether it be the licensee who may use it merely for transportation to and from employment or for reasons less closely associated with livelihood.
This court must, therefore, respectfully disagree with the conclusions arrived at in the cases of People v. Smith (3 Misc 2d 828) and People v. Collins (18 Misc 2d 611).
Therefore, for the reasons stated, the application of the defendant for a certificate of removal is granted and bail is fixed at $200.