Liston F. Coon, J.
This is an application by the defendant pursuant to sections 57 and 58 of the Code of Criminal Procedure for a certificate that it is reasonable that two charges pending against him in Police Justice Court of the Village of Watkins Glen be prosecuted by indictment. These charges are an alleged violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law (operating a motor vehicle while in an intoxicated condition) and an alleged violation of section 511 of *779 the Vehicle and Traffic Law (operation of a motor vehicle while license is suspended). Both are misdemeanors.
In order to succeed on such a motion, movant must usually establish one of the following grounds which in the discretion of the court makes it reasonable that the charge against the defendant be prosecuted by indictment:
1. That the case presents intricate and complicated questions of fact rendering a jury trial proper.
2. That the case presents difficult questions of law.
3. That the case involves a property right.
4. That the case may result in a decision far-reaching in effect.
5. That the defendant cannot have a fair trial in the Court of Special Sessions.
For a leading case on these requisites, see People v. Rosenberg (59 Misc. 342).
We shall examine the charge of driving while intoxicated first.
Grounds one, two and five are no longer persuasive due to the present general competence and qualifications of our Courts of Special Sessions (People v. Zinke, 170 Misc. 332 ; People v. Lane, 149 N. Y. S. 2d 769 ; People v. Robbins, 26 Misc 2d 963).
In determining whether a sufficient property right is involved, we must look to the right appertaining to the charge involved, in this case the right to operate a motor vehicle, if convicted. The Vehicle and Traffic Law prescribes mandatory revocation of an operator’s license following a conviction under section 1192 (§ 510, subd. 2, par. [b]).
The evolution of the automobile as a means of transport, as well as a necessary means of gaining a livelihood has transcended the original idea of the possession of an operator’s license being a privilege granted by the State, to a point where it is now deemed to be a vested property right in the individual to hold such a license. (Matter of Moore v. Macduff, 309 N. Y. 35.)
The moving affidavit in this case discloses that the defendant is a self-employed businessman with a distinct need for a license to drive in order to operate such business.
Each application must be determined upon the applicable facts to the situation involved, hence the discretionary element vested in the court. In some situations the urgency of the necessity to drive might be less acute so as to justify refusal to recognize such a contention, as where an area is more populated and public means of transportation are readily available. (See People v. Smith, 3 Misc 2d 828.)
Under the present state of facts, exercise of discretion in favor of the applicant is indicated.
*780 But a further -and more unique situation obtains in this case. It appears that defendant submitted to a blood alcohol test following his arrest. The specimen was duly taken by a physician at the request of the police officer and placed in the mails addressed to the State Police Laboratory at Albany, New York, for chemical analysis, but it appears that the test tube was broken in transit and the blood sample lost.
Subdivision 4 of section 1194 of the Vehicle and Traffic Law provides that the person tested shall be permitted to have a physician of his own choosing administer the test. Where he voluntarily submits to a test administered by a physician chosen by the police the right to be tested by his own physician is inapplicable. (People v. Ward, 307 N. Y. 73.) The person tested, therefore, chooses to rely upon the results of the test administered by the police physician. Despite the presumption of innocence in favor of every defendant and the fact that he need not raise a hand in his defense; nonetheless a defendant has every right to rely upon the People’s evidence to disprove his alleged guilt. Having voluntarily submitted to the test in this case defendant has a right to rely upon the results. Destruction of such evidence through no fault of his own raises the question of whether or not defendant is being afforded due process as a matter of law.
Without deciding this question, it is the opinion of the court that it does present a question far enough reaching in effect upon which a higher court should rule as to regulate a matter of general interest.
Upon this latter ground, then and the fact that a property right is involved, the application of the defendant for a certificate of removal as to the charge of driving Avhile intoxicated is granted.
We turn now to the charge of driving Avhile the defendant’s operator’s license was suspended.
In his affidavit attached to the notice of motion, defendant does not deny that such a suspension had been issued but denies that he had any knowledge of same. By reason of the arrest on such charge in the first place, it presupposes that the arresting officer did have notice of such suspension.
We are therefore presented Avith a question of fact as to defendant’s knoAvledge of any such suspension, a question AArhich can properly be determined after trial in the Court of Special Sessions. If defendant prevails in his contentions, after trial, then he has lost no rights respecting his operation of a motor vehicle. If he does not prevail, then such decision would only *781 confirm a prior decision of suspension already passed upon by the Department of Motor Vehicles.
Counsel for defendant contends that defendant’s license was restored upon a hearing on such suspension and exhibited to the court a notice of restoration dated January 16,1961, arguing that facts developed at that hearing rendered the original suspension void ah initio. The notice of restoration carries with it no reason for such restoration and the court will not speculate as to the basis for such an administrative decision, nor does the question of law involved appear far-reaching in effect so as to justify the relief requested.
'‘ It must be borne in mind that licensees of motor vehicles take their licenses and accept the privileges thereof subject to such conditions as the Legislature sees fit to impose (Matter of Ohlson v. Mealey, 179 Misc. 13.)
When a permissive suspension of an operator’s license is invoked by the Department of Motor Vehicles, it is not for the motorist to determine whether or not he should comply, irrespective of the reason for such suspension. To permit any such self-determination would do violence to the purpose and intent of the statute.
Defendant’s motion for a certificate of removal on the driving while intoxicated charge is granted and he is to be released upon his own recognizance.
Defendant’s motion for a certificate of removal on the operation of a motor vehicle while license was under suspension charge is denied and the case may proceed in the Village Police Court.