Henry F. Werker, J.
The defendant, Mark Krstovich, has moved this court for an order (1) Dismissing an indictment returned against him by the April, 1972 Grand Jury. (2) Superseding the District Attorney. (3) Remanding the case to a local criminal court other than the local criminal court in the village of Athens the jurisdiction in which the alleged crime took place.
These motions were argued on October 10,1972.
The indictment returned by the April, 1972 Term of the Greene County Grand Jury charged the defendant with criminal mischief in the fourth degree in violation of section 145.00 of the Penal Law. This is a class A misdemeanor.
*91 The grounds for the motion to dismiss are (a) That the evidence before the Grand Jury was legally insufficient, (b) That the case was removed from the local criminal court by the District Attorney under GPL 170.20 and that section violates the defendant’s constitutional right to equal protection and a speedy trial and is therefore unconstitutional, (c) That the District Attorney was disqualified from prosecuting this case because of personal interest and consequently all proceedings in which he participated should be vacated and set aside, (d) That the defendant was not given an opportunity to testify before the Grand Jury and that GPL 190.50 (subd. 5, par. [a]) is constitutionally repugnant because it provides that only a person who has been arraigned on a felony complaint is entitled to notice and a right to appear before the Grand Jury as a witness in his own behalf.
This last ground was withdrawn by the defendant upon the argument of the motions when the District Attorney produced proof that the defendant had been given notice but counsel who had earlier represented him had failed to inform present counsel of that fact.
Since the moving affidavits state facts for which there was reason to believe that the evidence before the Grand Jury might be insufficient or illegal the court has read those minutes. {People v. Howell, 3 N Y 2d 672.) The conclusion reached by this court is that those minutes disclose legally sufficient evidence for the Grand Jury to indict the defendant for the crime with which he is charged. There are, however, certain legal infirmities in the procedure whereby the evidence reached the Grand Jury which have caused this court to come to the conclusion that the indictment should be dismissed.
GPL 170.20 (subd. 2) reads as follows:
“ § 170.20 Divestiture of jurisdiction by indictment; removal of case to superior court at district attorney’s instance * *
“2. At any time before entry of a plea of guilty to or commencement of a trial of an accusatory instrument specified in subdivision one, the district attorney may apply for an adjournment of the proceedings in the local criminal court upon the ground that he intends to present the misdemeanor charge in question to a grand jury with a view to prosecuting it by indictment in a superior court. In such case, the local criminal court must adjourn the proceedings to a date which affords the district attorney reasonable opportunity to pursue such action, and may subsequently grant such further adjournments for that purpose as are reasonable under the circumstances. Following the grant *92 ing of such adjournment or adjournments, the proceedings must be as follows:
“ (a) If such charge is presented to a grand jury within the designated period and either an indictment or a dismissal of such charge results, the local criminal court is thereby divested of jurisdiction of such charge, and all proceedings in the local criminal court with respect thereto are terminated.
“ (b) If the misdemeanor charge is not presented to a grand jury within the designated period, the proceedings in the local criminal court must continue. ”
CPL 170.25 reads as follows:
“ § 170.25 Divestiture of jurisdiction by indictment; removal of case to superior court at defendant’s instance
“1. At any time before entry of a plea of guilty to or commencement of a trial of a local criminal court accusatory instrument containing a charge of misdemeanor, a superior court having jurisdiction to prosecute such misdemeanor charge by indictment may, upon motion of the defendant made upon notice to the district attorney, showing good cause to believe that the interest of justice so require, order that such charge be prosecuted by indictment and that the district attorney present it to the grand jury for such purpose.”
It is apparent from the reading of these sections that the defendant is placed under the burden by the latter section of making a motion to a superior court upon notice to the District Attorney and showing good cause why he believes that the interests of justice require prosecution by indictment. (People v. Cannizzario, 17 Misc 2d 839; People v. Killorin, 123 N. Y. S. 2d 612; People v. Stein, 236 N. Y. S. 2d 703; People v. Velasquez, 22 Misc 2d 90.) The District Attorney on the other hand under the first section quoted is not required to give notice to anyone. It is further mandatory that his application for an adjournment be granted (Matter of Sovocool, 7 A D 2d 262 [3d Dept., 1959]). Thus, the question of whether a misdemeanor complaint should be prosecuted by indictment or in the local criminal court is entirely within the discretion of the District Attorney without the requirement of an application to a superior court showing good cause that the interests of justice require one approach or the other. The equal protection clause of the Fourteenth Amendment does not require that a statute be invalid on its face if in its application in a given fact situation it results in an unfair and discriminatory result. (Yick Wo v. Hopkins, 118 U. S. 356 [1886]; Griffin v. Illinois, 351 U. S. 12 [1956]; United States v. Scotland Neck City Bd. of Educ., 442 F. 2d 575 [C. A. *93 4th, 1971]; Delia v. Court of Common Pleas of Cuyahoga County, 418 F. 2d 205 [C. A. 6th, 1969], cert. den. 396 U. S. 886.) Improper motive resulting in unequal enforcement of a statute will also violate the equal protection clause (Williams v. Field, 416 F. 2d 483 [C. A. 9th, 1969], cert. den. 397 U. S. 1016). Thus, in the operation of this particular section of the GPL the experience of this court has been that dislike of a particular Justice’s proposed disposition, lack of confidence in his competence or in his methods may all result in applications for adjournment. Furthermore, the convenience of trying all cases at the county seat rather than at distant points within the county may also motivate in certain cases. Aside from the issue of equal protection it should also be noticed that the defendant’s right to a speedy trial is also infringed upon for the reason that the Grand Jury meets irregularly and, in the meantime a matter which could have been disposed of at the local criminal court level may be pending for 45 days. Such matters clog the County Court calendar, unnecessarily delay the trial of felony charges and in effect reduce the Justice and Village Courts to Traffic Courts. Such a result is against the public policy of the State. (People v. Velasquez, 22 Misc 2d 90, supra.) The case before this court is a classic one where the imposition of an equal requirement upon the People to apply to a superior court for removal to the Grand Jury would have disclosed a factual situation which would have resulted in an early disposition of the case at the local court level. Those facts are as follows:
The crime allegedly committed occurred on April 18, 1972. Defendant was arrested on a warrant issued by the Village Justice of the Village of Athens upon an information filed by the Chief of Police of that village on the same day. The case was presented to the Grand Jury on April 25, 1972. The original motion here being considered was made returnable on June 20, 1972 and the court’s decision to examine the Grand Jury minutes filed on July 6, 1972. On September 1, 1972 the court, after repeated requests, received the Grand Jury minutes. There is no question that the premises in the Village of Athens' allegedly damaged by criminal mischief are owned by the District Attorney of Greene County and that he maintains his private law offices therein. The crime is a class A misdemeanor and the Village Justice has original trial jurisdiction. (TTJCA, § 2001, subd. [1].) If the District Attorney had been obliged to apply to this court before reinoving the case to the Grand Jury he would have been disqualified.
The District Attorney is a public officer. His duties are quasi-judicial in nature. His obligation is to protect not only the *94 public interest but also the rights of the accused. In the performance of his duties he must not only be disinterested and imparital but must also appear to be so. (People v. Lombard, 4 A D 2d 666, 671 [1st Dept., 1957]; People v. Fielding, 158 N. Y. 542, 547.) His primary duty is to see that justice is done (Canons of Professional Ethics, canon 5). Because he is presumed to apt impartially (People v. Fielding, supra, p. 547) he has a wide latitude to determine whom, whether and how to prosecute. (Matter of Johnson v. Boldman, 24 Misc 2d 592; Matter of Hassan v. Magistrates’ Ct. of City of N. Y., 20 Misc 2d 509 [1959], app. dsmd. 10 A D 2d 908, cert. den. 364 U. S. 844 [I960]; Matter of Coleman v. Lee, 1 Misc 2d 685.) Public confidence in the office in the exercise of those broad powers demands that there be no conflict of interest or the appearance of a conflict.
■While no New York case in point has been found it would appear that the ethical considerations are well founded and unanimously sustained (Matter of Koch [Seneca County Bar Assn.], 276 App. Div. 36 [4th Dept., 1949]; People v. Rodgers, 205 Misc. 1106 [1954]; State v. Rosengard, 89 N. J. Super. 28 [1965]). Based upon these considerations it is the opinion of the court that the District Attorney of Greene County was disqualified for interest in the prosecution of the complaint against this defendant.
This court has the responsibility of safeguarding both the rights of the accused and the interests of the public in the administration of criminal justice. In addition it has the obligation on its own initiative to correct real or apparent improprieties which would tend to lower esteem for the system of justice which it is bound to uphold. (Standards Relating to the Function of the Trial Judge. American Bar Association Tentative Draft 1972, p. 7, Standard 1.1.) The CPL of this State imposes similar obligations (e.g., CPL 170.10, subd. 4, par. [a]; 180.10, subd. 4, second sentence).
The disqualification of the District Attorney requires that the indictment be set aside not only because his identity as the victim of the crime was disclosed but also his disqualification ab initio prohibited his presence in the Grand Jury room under CPL 190.25 (subd. 3) as a person not authorized. (People v. Scannell, 36 Misc. 40.) The presumption of impartiality is rebutted because of his interest in the matter under consideration.
CPL 170.20 is declared unconstitutional not because it is invalid on its face, but because it lends itself to prohibited unequal application of the law in its operation and delays the *95 speedy trial of lesser crimes. It is thus repugnant to the Fourteenth Amendment of the Constitution of the United States. The application for adjournment whereby this criminal proceeding was removed to the Grand Jury is void not only for the constitutional repugnancy but also because the District Attorney when it was made by him was disqualified.
The fact that the victim of the crime was the District Attorney who resides in and practices law in the Village of Athens and has many business associations and clients in that village and the publicity given to this matter at the time it arose would require upon remand to the local criminal court that a change of venue be granted. As a consequence this criminal proceeding is remanded to Hon. Glenn Van Valkenbergh, Town Justice of the Town of Windham, New York, for trial ,and any other necessary proceedings.
The District Attorney is superseded in this case under section 701 of the County Law. Robert J. Diely, Esq., of Coxsackie, New York, is appointed a Special District Attorney for the prosecution of this case.