Martha K. Zelman, J.
Defendant is charged with a violation of two counts of section 120.00 of the Penal Law, assault in the third degree, a class A misdemeanor and a violation of section 240.25 of the Penal Law, harassment, a violation.
At a preliminary hearing in Part ID, complainant Carlos De *47 Silva testified that he was a flight steward with American Airlines assigned to Flight No. 588 out of Santo Domingo, Dominican Republic, a foreign country landing 1,600 miles away in John F. Kennedy Airport, Queens County. Complainant testified that defendant, Jose Corsino, was a passenger aboard said flight on January 7, 1977 and that while aboard did intentionally strike complainant about the face and body causing him to fall against the arm of a chair, giving him a brain concussion, necessitating him to receive medical attention and to lose time from his employment. Complainant further testified defendant became abusive towards other passengers, threatening them, using abusive language, and became so out of control as to warrant the flight attendant placing him in cuffs and tying him in his seat in the plane until it landed at Kennedy Airport, Queens County, where the Port of Authority Police placed him under arrest for the aforementioned charges.
Defendant’s attorney argues that the misdemeanor offenses were not committed in Queens County or within the geographical boundaries of New York City or New York State, or the space over it. Therefore his contention is that the court lacks jurisdiction. Defense counsel submits to the court that CPL 20.40 (subd 4, par [f]) doesn’t give jurisdiction to this court under the facts of the case due to the fact that CPL 20.40 applies only to offenses of which the Criminal Court has obtained jurisdiction pursuant to CPL 20.20. Counsel argues that under CPL 20.20 a defendant may be convicted in the courts of New York State only when the conduct occurred within the geographical boundaries of New York State, or the space over it.
Defense counsel argues that if this flight had originated in any other county of the State of New York with Queens County as the destination, then this section would give jurisdiction to the court.
After a very careful reading of the pertinent sections, this court finds that New York State has jurisdiction over crimes having a practical effect on the State.
The court finds: New York State has jurisdiction over crimes having a practical effect on the State, even though none of the conduct constituting the offense occurred within the State. This jurisdiction is concurrent with Federal jurisdiction.
The jurisdiction problem presented appears to be a case of first impression in the State of New York. CPL 20.20 (subd 2, *48 par [b]) confers jurisdiction over any offense on the courts of this State when:
"Even though none of the conduct constituting such offense may have occurred within this state: * * * (t)he statute defining the offense is designed to prevent the occurrence of a particular effect in this state and conduct constituting the offense committed was performed with intent that it would have such effect herein”.
CPL 20.10 (subd 4) defines "particular effect of an offense” as follows: "When conduct constituting an offense produces consequences which, though not necessarily amounting to a result or element of such offense, have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction * * * such conduct and offense have a 'particular effect’ upon such jurisdiction.”
The defendant’s alleged conduct constitutes the crime of assault in the third degree, and the violations of disorderly conduct and harassment. Though none of this alleged conduct occurred in New York State, the conduct has a particular effect in the State. The complainant was entering the State through an air terminal situated therein. Misdemeanor assaults that occur on planes en route to New York could have a materially harmful impact upon the welfare of New York’s community. The threat of physical harm to visitors and to residents of the State who use the airports as a means of ingress to the State would have a far-reaching effect on the use of airports situated in New York. Though the Federal Government has jurisdiction over crimes committed on interstate and international flights, this jurisdiction is not regularly exercised in cases like the present one. The practical effect of failing to exercise New York’s power over crimes having a particular effect on the jurisdiction would be to open the way to uncontrolled and dangerous conduct in the air routes to this State.
CPL 20.40 (subd 2, par [c]) confers jurisdiction on Queens County in cases like the present one. "A person may be convicted in an appropriate criminal court of a particular county * * * [if] (s)uch conduct had, or was likely to have, a particular effect upon such county”. CPL 20.40 (subd 4, par [f]) confers jurisdiction over offenses committed on board a common carrier on any county through which the carrier passed, terminated, or was scheduled to terminate. American Airlines Flight 688 actually terminated at John F. Kennedy Airport, *49 which is located in Queens County. Misdemeanor assaults occurring on incoming flights will have a harmful impact on the Queens community. Therefore, according to the statute, it is here that jurisdiction lies.
Cases supporting pre-emption of a field of legislative activity by the Federal Government represent an outdated approach to the pre-emption doctrine. (The Pre-emption Doctrine: Shifting Perspectives on Federalism and the Burger Court, 75 Col L Rev 623.) Where the Supreme Court has ruled that State and Federal laws were in conflict, the court found not only that Congress had legislated on the subject, but also that the subject itself had become a uniquely Federal function. (People v Bianchi, 3 Misc 2d 696; People v Arvio, 66 Misc 2d 474).
Congress did not intend to divest the States of jurisdiction when it passed title 49 of the United States Code (§ 1472; HR Rep No. 958, 87th Cong 1st Sess; US Code Cong & Admin News, 1961, vol 2, p 2563, 2564): "The offenses punishable under this legislation would not replace any State jurisdiction but would, where both Federal and State law provided for punishment for the same act, be in addition to the State criminal law.”
Cases cited in support of the proposition of exclusive jurisdiction of the Federal government over the high seas may more accurately be said to stand for the expansion of Federal power over vessels outside of the territorial jurisdiction of the United States (United States v Flores, 289 US 137; United States v Rodgers, 150 US 249; United States v Bowman, 287 F 588, revd on other grounds 260 US 94.) The issue of concurrent State jurisdiction over criminal acts is not discussed.
The Federal Aviation Act was passed to promote the efficient and safe operation of aircraft. It does not exclude State law not inconsistent with its purpose. (Southeast Aviation v Hurd, 209 Tenn 639, app dsmd 371 US 21; Huron Cement Co. v Detroit, 362 US 440.) State statutes passed in the exercise of State police powers which are not in conflict with Federal laws upon the same subject are valid, and this is true even though the State statutes may incidentally affect interstate commerce. (Silz v Hesterberg, 211 US 31; Hill Packing Co. v City of New York, 182 Misc 742; People v Bianchi, supra.) A State is not precluded from prosecuting criminal conduct by the fact that the same act constitutes a Federal crime. (People v Conti, 127 Misc 244.)
New York has jurisdiction over crimes having a materially *50 harmful impact on the community welfare, notwithstanding the fact that the criminal act was completed outside the State. A fortiori, the county within the State that will suffer the consequences of the criminal conduct has jurisdiction over the alleged crime. Crimes occurring on common carriers may be prosecuted in the county in which the trip terminated. The State’s jurisdiction over crimes committed on aircraft is concurrent with that of the Federal government when the crime has a particular effect on the State.
Sound public policy requires that minor criminal cases be disposed of in local courts having original jurisdiction. (People v Velasquez, 22 Misc 2d 90; People v Hassan, 113 NYS2d 108; People v Moran, 1 Misc 2d 709; People v Litteer, 3 Misc 2d 505.)
CONCLUSION
Therefore it is the conclusion of this court that Queens County has jurisdiction over the subject matter of the present case and it is in the best interest of justice that this court should exercise such interest by proceeding to trial forthwith for the charges of assault in the third degree (Penal Law, § 120.00) one count and harassment.