OPINION OF THE COURT
Seymour Rotker, J.
The defendant was arrested on August 9, 1983, and charged with the crimes of reckless endangerment in the first degree and criminal mischief in the second degree. He was indicted on September 16,1983, upon charges of, inter alia, attempted murder. He has moved for dismissal of the indictment pursuant to CPL 210.20 and article 20, alleging that the court lacks the necessary geographic jurisdiction to prosecute this offense. The District Attorney has argued that the court has jurisdiction pursuant to the provisions of CPL article 20.
The facts giving rise to this matter are the following:
The defendant was on board a Trans World Airlines 747 aircraft on a flight from Rome to JFK International Airport in Queens, New York. There were 380 passengers on the airplane as well as a crew of approximately 15. At a point where the plane was about 2½ hours into the flight and midway across the Atlantic Ocean, the defendant approached a stewardess. He was soaking wet and bleeding. He told the stewardess that he had tried to break through the crawl space in a bathroom on the plane in an attempt to find the fuel line to set fire to the aircraft. An *865 inspection of the lavatory revealed damage to the walls and ceiling area, as well as a good deal of paper which was strewn about. That particular lavatory had been closed to passengers prior to the flight due to the need for repair. A manager of security and administration testified that the fuel lines in the airplane were underneath the floor of the lavatory. The flight subsequently arrived at JFK International Airport and defendant was arrested.
CPL article 20 provides the basis for a State’s jurisdiction over a criminal offense. CPL 20.20 provides:
“§ 20.20 Geographical jurisdiction of offenses; jurisdiction of state
“Except as otherwise provided in this section and section 20.30, a person may be convicted in the criminal courts of this state of an offense defined by the laws of this state, committed either by his own conduct or by the conduct of another for which he is legally accountable pursuant to section 20.00 of the penal law, when * * *
“2. Even though none of the conduct constituting such offense may have occurred within this state * * *
“(b) The statute defining the offense is designed to prevent the occurrence of a particular effect in this state and the conduct constituting the offense committed was performed with intent that it would have such effect herein”.
CPL 20.10 (subd 4) defines “particular effect” as applicable to article 20:
“4. ‘Particular effect of an offense.’ When conduct constituting an offense produces consequences which, though not necessarily amounting to a result or element of such offense, have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction, or result in the defrauding of persons in such jurisdiction, such conduct and offense have a ‘particular effect’ upon such jurisdiction.”
The District Attorney contends that the defendant’s conduct was such as to be an attempt to commit a crime and was done with the intent to have a materially harmful impact upon the governmental processes and community welfare of Queens County, New York. Support for this *866 proposition lies in the fact that the plane was destined for Queens County.
Several courts have interpreted the statutory language of CPL 20.20 (subd 2, par [b]). In People v Puig (85 Misc 2d 228), the defendant was charged with various counts of conspiracy and substantive drug offenses relating to the sale of cocaine at Newark Airport. The New York County District Attorney attempted to exercise jurisdiction over the matter pursuant to the afore-mentioned statute. The court traced the derivation of the statute to the principle of protective jurisdiction, “[which] refers to [the] jurisdiction of a State to prescribe rules of law attaching legal consequences to extraterritorial conduct threatening ‘its security as a state’ ” (People v Puig, supra, p 234; Restatement, Foreign Relations Law of the United States 2d, § 33). The court further noted the broad ambit of the statutory language of CPL 20.20 (subd 2, par [b]) and discussed the due process implications of jurisdictional “overreaching” by the individual States. Reading the statute in conjunction with the limiting definition of “particular effect” (CPL 20.10, subd 4), the court held the purpose of the statute was to “uphold the integrity of governmental or judicial processes of the State or its * * * institutions” (People v Puig, supra, p 235). While the sale of cocaine might well have a negative impact upon certain individuals, it did not affect the integrity of the governmental or judicial process. Thus, the motion to dismiss the indictment for want of jurisdiction was granted.
In People v Fea (47 NY2d 70) the defendant was a loan shark who made a usurious loan to a needy debtor in The Bronx. When the debtor reneged on his repayment, the defendant sought him out and assaulted him in Rockland County. The prosecution was commenced in The Bronx upon grounds that the actions of defendant had a “particular effect” in Bronx County. The Court of Appeals reversed a conviction for lack of geographical jurisdiction. In an interpretation of what constitutes a “particular effect” the court held that the alleged acts must have a materially harmful impact “not to any particular individual, but rather to the well being of the community as a whole” (People v Fea, supra, p 77). They further held that prosecu *867 tion in The Bronx would lie only if the alleged actions affected the integrity of the governmental processes or the welfare of its citizens (accord Matter of Steingut v Gold, 42 NY2d 311).
The conduct in question in this matter, i.e., an attempt to blow up an airplane, and the criminal statutes which proscribe it, are not designed to uphold the integrity of governmental or judicial processes of this State. Moreover, the harmful impact which might have been caused, although serious to the 400-odd individuals aboard the plane, did not have an impact upon the community as a whole.
The second prerequisite to CPL 20.20 (subd 2, par [b]) is that the defendant have an intent to bring about a particular effect in New York. The state of mind of the defendant is important to this determination. The state of mind is frequently difficult to discern. However, the Grand Jury was informed in this matter that the defendant told the stewardess that he had attempted to find the fuel line in order to set fire to the plane. This statement connotes a desire to effect immediate results. It would strain credulity to infer from this admission that the defendant intended his acts to have a consequence in New York; rather, his words must be given a plain meaning. The defendant evinced a desire to set fire to the plane without regard to any New York consequences. Consequently, neither prong of the statutory requirements of CPL 20.20 (subd 2, par [b]) have been met. The District Attorney cannot exercise jurisdiction over this matter.
In People v Corsino (91 Misc 2d 46), the defendant was charged with assault in the third degree arising from a mid-air fight on a flight originating in the Dominican Republic and terminating at JFK International Airport. The court held in an analysis of CPL 20.20 (subd 2, par [b]) that there was a basis for jurisdiction in that “[m]isdemeanor assaults that occur on planes en route to New York could have a materially harmful impact upon the welfare of New York’s community” (People v Corsino, supra, p 48). This court disagrees with that decision in that such conduct can in no way be seen to effect the governmental processes or the community as a whole.
*868 The District Attorney has also alleged that the acts of defendant occurred within New York for purposés of jurisdiction. Their argument is as follows:
CPL 20.10 (subd 1) provides: “ ‘This state’ means New York State as its boundaries are prescribed in the state law, and the space over it.” Section 7-a (subd 1, par [c]) of the State law, the District Attorney argues, incorporates the definition of Federal jurisdiction contained in section 7 (subd [5]) of title 18 of the United States Code. However, the applicability of these sections is specious as it produces inane results which are violative of due process concepts of jurisdiction. As defense counsel contends, under the logic of these definitions, jurisdiction would lie in New York State with respect to an assault occurring 50 miles off the New York coast on a plane flying from Maine to Florida or on a plane over the Atlantic one mile from the European coast, as long as the plane was bound for New York. This “long-arm” statutory definition is violative of concepts of jurisdictional due process. Theoretically, it would give New York the same jurisdiction as that of the Federal Government. Such was not the intent of the statute. There is no doubt that the Federal Government has jurisdiction over this matter and a dismissal by this court does not serve as a bar to any subsequent Federal prosecution.
Accordingly, as there is no jurisdictional basis for the prosecution of this matter by the District Attorney of Queens County, the motion for dismissal of the indictment is granted in all respects.